

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2003

# USA v. Amparo

Precedential or Non-Precedential: Non-Precedential

Docket 02-2233

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Amparo" (2003). *2003 Decisions.* Paper 748.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/748

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-2233

———

UNITED STATES OF AMERICA

v.

FRANCISCO HERRERA AMPARO
a/k/a FRANCISCO HERRERA
a/k/a CHICO

Francisco Herrera Amparo,

Appellant

———

On Appeal from the United States District Court
for Eastern District of Pennsylvania
(D.C. Crim. No. 01-cr-00442-2)
District Judge:  Hon. Jay C. Waldman

———

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2003

Before:  SLOVITER, NYGAARD, and ALARCÓN[*], Circuit Judges

(Filed: March 11, 2003)

———

OPINION OF THE COURT

———

[*]     Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth
Circuit, sitting by designation.

SLOVITER, Circuit Judge.

Appellant Francisco Herrera Amparo, who was one of four defendants charged in a four-count indictment, pled guilty on October 16, 2001 pursuant to a plea agreement to conspiracy to distribute over 50 grams of cocaine base ("crack") and one kilogram of heroin, in violation of 21 U.S.C. § 846, and to possession with intent to distribute within 1,000 feet of a school, in violation of 21 U.S.C. § 860. He stipulated to a base offense level of 37. Amparo was credited with a three level reduction because of his acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b). He further received a two point reduction pursuant to U.S.S.G. § 5C1.2 when the Sentencing Judge found that he had not played a significant supervisory role in the offense. The Sentencing Judge also decided to grant a government motion for a downward departure, based on Amparo's cooperation with the government pursuant to U.S.S.G. § 5K1.1. Amparo was sentenced to 60 months imprisonment, which is substantially below the otherwise applicable guideline. He was further sentenced to 60 months of supervised release pursuant to 21 U.S.C. §§ 846 and 860, and 18 U.S.C. § 2. Finally, the judge imposed a mandatory special assessment of $100, pursuant to 18 U.S.C. § 3013. The judgment of conviction was entered on April 26, 2002. Amparo filed a timely appeal.

Amparo's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Under Anders, if counsel is convinced after conscientious investigation that the appeal is frivolous, counsel may properly ask to withdraw. Id. at 741 (citation omitted). Anders also requires that counsel's brief cite any matters that may be arguably appealable.

2

Id. at 741; United States v. Tannis, 942 F.2d 196, 197 (3rd Cir. 1991).

In this case, the arguably appealable issues include whether the District Court had jurisdiction to accept Amparo's guilty plea, whether the plea was valid in light of controlling constitutional and statutory standards, whether the District Court imposed a legal sentence, and whether the extent of the District Court's downward departure is subject to appellate review.

Amparo received a copy of his defense counsel's brief, and was given time to raise any non-frivolous arguments in a pro se brief. Anders, 386 U.S. at 744; 3rd Cir. LAR 109.2(a) (2000). However, Amparo has not filed a pro se brief in support of his appeal.

The District Court patently has jurisdiction over the federal crimes with which Amparo was charged and had the authority to accept Amparo's guilty plea. 18 U.S.C. § 3231.

Amparo's plea was valid in light of controlling constitutional and statutory standards. Pursuant to Boykin v. Alabama, 395 U.S. 238, the District Court conducted a detailed colloquy, through an interpreter, before accepting the guilty plea. Amparo was questioned about his ability to understand the proceedings. The record of the plea hearing shows that the District Court, with the assistance of an interpreter, fully and adequately informed Amparo of his right to a jury trial, the charges against him, and the maximum sentence for his offenses. Furthermore, he was advised of his privilege against self-incrimination and his right to confront his accusers. With this knowledge, Amparo agreed with the government's factual report, stated his satisfaction with his counsel, and then voluntarily

3

entered a plea of guilty to the charges in the indictment.

From our review of the record, we conclude that Amparo knowingly and voluntarily pled guilty. Moreover, we find no non-frivolous issue for appeal in the sentencing discussed above. We have no jurisdiction to entertain any contention by Amparo related to the extent of the District Court's downward departure. Whether to depart at all was subject to the District Court's discretion, and we have held that we have "[no] jurisdiction to hear an appeal by the defendant where there has been some departure." United States v. Gaskill, 991 F.2d 82, 84 (3d Cir. 1993).

For the reasons set forth, we will affirm the judgment of conviction and sentence.

_____

TO CLERK OF COURT:

Please file the foregoing opinion.


                    /s/ Dolores K. Sloviter
                    Circuit Judge