**UNITED STATES of America,**

v.

**Arthur ABLE, Appellant.**

**No. 04–1915.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Dec. 16, 2004.

Decided Feb. 24, 2005.

Curtis V. Gomez, Office of United States Attorney United States Courthouse, Charlotte Amalie, St. Thomas, US, VI, for Appellee.

Patricia Schrader–Cooke, Office of Federal Public Defender, Charlotte Amalie, St. Thomas, US, VI, for Appellant.

Before SLOVITER, FUENTES and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal from a judgment of conviction and sentence entered on March 26, 2004, after appellant Arthur Able's conviction at a jury trial and subsequent sentencing on various charges following his illegal reentry into the United States. The court sentenced Able to a 12–month custodial term on one count and to 24–month custodial terms on the remaining counts which it grouped under the Sentencing Guidelines. Inasmuch as Able's sentences on all counts were concurrent, the court effectively sentenced him to a 24–month custodial term which was at the top of his guideline range of 18 to 24 months. The district court had jurisdiction under 48 U.S.C. § 1612 and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Able does not challenge his conviction on this appeal. Rather, he contends that:

I. [T]he Supreme Court's decision in *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), renders appellant's sentence unconstitutional where an offense level enhancement for a prior conviction was applied and resulted in a longer sentence on the basis of facts that were not submitted to the jury nor admitted by appellant.

II. [T]he District Court erred in sentencing appellant to 12 months incarceration on Count I, where [certain counts] were grouped for sentencing pursuant to U.S.S.G. § 3D1.4.

We recognize that one aspect of Able's appeal relates to the enhancement of his sentencing level by the court by reason of his prior conviction, a procedure that is permissible under *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Ordaz*, 398 F.3d 236 (3d Cir.2005). We also recognize, however, that the district court clearly treated the Sentencing Guidelines as mandatory rather than advisory as the court in its statement of reasons for the sentence in the judgment indicated that "[t]he sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines." In the circumstances, we determine that the sentencing issues Able raises are best determined by the district court in the first instance.

In view of the aforesaid we do not disturb Able's conviction but we will vacate the sentence in the judgment of conviction and sentence entered on March 26, 2004, and will remand the case for resentencing in accordance with *Booker*.