

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# USA v. Able

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Able" (2006). *2006 Decisions.* Paper 1091.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1091

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2200
_____

UNITED STATES OF AMERICA

v.

ARTHUR ABLE,

Appellant
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 03-cr-00128)
District Judge:  Honorable Raymond L. Finch
_____

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2006

Before:  ROTH, FISHER and COWEN, *Circuit Judges*.

(Filed:  May 18, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Defendant Arthur Able's federal public defender brings a motion to withdraw as

counsel pursuant to *Anders v. California*, 386 U.S. 743 (1967), and its progeny.  Counsel

asserts that there are no non-frivolous issues for appeal with respect to Able's sentence

imposed by the District Court. Because we agree with Able's counsel, we will grant the motion and affirm Able's sentence.

I.

As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to our conclusion. Defendant Arthur Able, a.k.a. John Nicholson, was found guilty on five counts relating to falsifying a United States Passport and attempting to enter the United States using a falsified passport. Following the publication of a presentence investigation report, the District Court determined that Able had a combined offense level of 15, and a criminal history category of I. The District Court sentenced Able on March 26, 2004, to a term of imprisonment of 12 months at count one, to be served concurrently with a term of imprisonment of 24 months at counts two through five. That sentence was within the applicable guidelines range of 18 to 24 months.

Able subsequently appealed his sentence; he did not, however, appeal his underlying conviction. In a non-published opinion dated February 24, 2005, we vacated Able's sentence in accordance with *United States v. Booker*, 543 U.S. 220 (2005), and remanded the case to the District Court for resentencing. *United States v. Able*, 124 Fed.Appx. 113 (3d Cir. Feb. 24, 2005). The District Court held a resentencing hearing on Wednesday, April 6, 2005. At that hearing, Able's counsel requested that the court resentence Able to a term of imprisonment of 19 months, which represented the time that

2

Able had already served for the instant offense. The District Court complied with counsel's suggestion and resentenced Able to time-served.

On July 27, 2005, Able's federal public defender filed a motion with this Court to withdraw as counsel, citing that there were no non-frivolous issues for appeal. On July 29, 2005, Able's counsel filed an *Anders* brief with this Court and served Able with a copy of the brief. On August 5, 2005, and again on November 18, 2005, the Clerk's Office sent Able a letter stating that his counsel had filed an *Anders* brief. The letter informed Able that he could file an informal pro se brief in support of his appeal. Able has not to this date filed anything with this Court.

## II.

We review independently an *Anders* brief filed by counsel to determine whether counsel has adequately attempted to uncover the best possible arguments for the defendant and whether counsel has explained the faults in those arguments. *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000). We will grant a defense counsel's *Anders* motion if we are satisfied that there are no non-frivolous issues for appeal that would justify our review. *United States v. Tannis*, 942 F.2d 196, 197 (3d Cir. 1991).

## III.

In the landmark decision of *Anders v. California*, the United States Supreme Court developed a mechanism whereby appellate counsel who conscientiously believe that there are no non-frivolous issues on appeal may advise the court and request permission to withdraw as counsel. 386 U.S. 743 (1967). The Supreme Court concluded that an

appointed counsel must act "in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*." *Id.* at 744. In order to preserve the defendant's constitutional right to "substantial equity and fair process," the Supreme Court suggested that courts apply the following procedures: (1) if counsel believes that a case is wholly frivolous after a conscientious examination of the record, counsel is required to advise the court and request permission to withdraw; (2) counsel's request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; (3) a copy of counsel's brief must be furnished to the indigent defendant, allowing the defendant time to raise any points that he or she chooses; and (4) the court must then examine the proceedings to determine whether the case is frivolous. *Id.*[1] If the court determines that the case is frivolous, the court may grant counsel's request to withdraw as counsel and dismiss the appeal. If, however, the court determines that there are meritorious grounds for appeal in the record, the court is required to appoint the defendant new counsel to argue the appeal. *Id.*

We have developed Third Circuit Rule 109.2(a) to comply with the suggestions set forth by the Supreme Court in *Anders*. That rule provides as follows:

---

[1]The Supreme Court has recently explained that the *Anders* framework is not an "independent constitutional command," and that it is not the sole "prophylactic framework" that could constitutionally vindicate an indigent criminal defendant's right to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 272-73 (2000) (citations omitted). Rather, the *Anders* procedure is one manner by which courts can ensure that a criminal defendant's constitutional rights are protected if defense counsel contends that there are no non-frivolous grounds for appeal. *Id*. at 273.

4

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to the merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

Third Circuit Rule 109.2(a). In addition, we have erected procedures judicially to ensure that court-appointed counsel conduct an adequate, independent review of the record. Specifically, we have held that "except in those cases in which frivolousness is patent, we will reject briefs . . . in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client." *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000).

In this case, defendant's counsel filed an *Anders* brief stating that there were no non-frivolous issues for appeal. A copy of Able's presentence investigation report, as well as the transcript of his resentencing hearing before the District Court, was attached to the brief. Defense counsel served Able with a copy of the brief, and the Clerk's Office gave Able the opportunity on two occasions to file with the Court an informal statement raising any points as to why his conviction or sentence should be overturned. To this date, Able has not responded.

5

Counsel asserted in her *Anders* brief that there were no non-frivolous issues remaining for appeal regarding Able's sentence because the District Court granted his request to be resentenced upon remand to time served. After independently reviewing the record, we agree. The District Court did not make any errors in calculating Able's advisory guideline range. Furthermore, because Able received the exact sentence he requested on remand, there can be no possible argument that the particular sentence was unreasonable. *See United States v. Cooper*, 437 F.3d 234 (3d Cir. 2006) (setting forth factors to be applied to determine whether a sentence is reasonable). Thus, we cannot discern any meritorious argument that Able could possibly advance on appeal.

For these reasons, we will grant defense counsel's *Anders* motion and affirm the sentence imposed by the District Court.[2]

---

[2]As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Able's behalf. *See* Third Circuit Rule 109.2(b).