

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2006

# USA v. Veneziale

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2454

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Veneziale" (2006). *2006 Decisions.* Paper 691.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/691

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2454
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER VENEZIALE,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-cr-00604)
District Judge: Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
on July 13, 2006

Before: SLOVITER, McKEE, and RENDELL , Circuit Judges

(Filed:   July 27, 2006)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

On January 26, 2005, Christopher Veneziale pled guilty in the United States

District Court for the Eastern District of Pennsylvania to three counts of carjacking, in

violation of 18 U.S.C. § 2119, and one count of possession of cocaine base ("crack"), in

violation of 21 U.S.C. § 844. Veneziale was sentenced to a total of 120 months incarceration, five years supervised release, and $225.00 restitution. Veneziale appeals his conviction and sentence. Veneziale's counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming that the appeal has no meritorious issues and is wholly frivolous. Veneziale did not file a *pro se* brief. We agree with Veneziale's counsel. In addition, we conclude that Veneziale waived his right to appeal. Accordingly, we will dismiss the appeal.

As set forth in *Anders,* Third Circuit Local Appellate Rule 109.2(a) allows counsel to submit a motion to withdraw and an *Anders* brief if counsel "is persuaded that the appeal presents no issue of even arguable merit." We must then determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); *United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000) (citing *United States v. Tabb*, 125 F.3d 583 (7th Cir. 1997)).

The purpose of Counsel's *Anders* brief is "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Youla*, 241 F.3d at 300. After reviewing the entire record, we are persuaded that counsel's brief correctly identifies and rejects potential appealable issues. Counsel argues that the appeal is wholly frivolous because (1) Veneziale entered his guilty plea knowingly and voluntarily and in conformity with the law and (2) Veneziale's sentence was legal. We agree.

2

As to the first issue, before a court can accept a plea, it must establish that the plea is voluntary and that there is a factual basis for the plea. *United States v. Tannis*, 942 F.2d 196, 197 (3d Cir. 1991) (citing *McCarthy v. United States*, 394 U.S. 459, 464-67 (1969)). The record clearly establishes that, in accordance with Rule 11, the District Court ensured Veneziale read and understood every paragraph of his plea agreement and advised Veneziale of the rights he would be waiving by pleading guilty and the penalties provided by law. Veneziale acknowledged that his plea was knowing and voluntary and admitted to all the facts outlined by the Government. *See* App. at 8a-28a. Second, the record also indicates that Veneziale knew he faced a maximum sentence of 77 years incarceration, 5 years supervised release and a million dollar fine. App. at 15a. The 2004 United States Sentencing Commission Guideline recommends imprisonment for 108 to 135 months for Veneziale's offenses. Veneziale was sentenced to 120 months. Although under *United States v. Booker*, 543 U.S. 220 (2005), the guidelines are only advisory, we are satisfied that the district court gave an adequate explanation for the sentence and that the sentence is reasonable. Furthermore, Veneziale signed a plea agreement that waived his right to appeal or collaterally attack his conviction, sentence, or any other matter relating to his prosecution.

For the foregoing reasons, we will dismiss the appeal and grant defense counsel's motion to withdraw.

_____