**UNITED STATES of America, Appellee,**

v.

**Kathy–Ann TANNIS, Appellant.**

**No. 90–5948.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
July 10, 1991.

Decided Aug. 9, 1991.

Chester M. Keller, Asst. Federal Public Defender, Newark, N.J., for appellant.

Michael Chertoff, U.S. Atty., Edna B. Axelrod, R. David Walk, Jr., Asst. U.S. Attys., Office of U.S. Atty., Newark, N.J., for appellee.

Before STAPLETON, HUTCHINSON and HIGGINBOTHAM, Circuit Judges

OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

Kathy–Ann Tannis (Tannis) appeals a judgment of conviction and sentence the United States District Court for the District of New Jersey imposed on her after she pled guilty to a charge of possessing approximately 374 grams of a mixture containing cocaine base, with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1).

Tannis was sentenced pursuant to the Sentencing Reform Act. The applicable guideline prescribed a sentencing range of 121 to 151 months. The district court permitted a downward departure to the statutory minimum and imposed a sentence of 120 months followed by a five-year term of supervised release. Her motion for an extension of time to file a notice of appeal was allowed by the district court. Appellant's Appendix (App.) at 2a. We have appellate jurisdiction over her appeal under 28 U.S.C.A. § 1291 (West Supp.1991). The district court had subject matter jurisdiction under 18 U.S.C.A. § 3231 (West 1985).

Tannis's counsel filed a brief pursuant to the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In accordance with *Anders*, counsel stated his opinion that Tannis's appeal does not present any non-frivolous issues for review. However, as *Anders* requires, he went on to raise and discuss two possible questions. The first concerned the plea proceeding and the second concerned the sentencing process.

After counsel filed the *Anders* brief in support of his motion for leave to withdraw, a motions panel of this Court granted Tannis an opportunity to file a *pro se* brief. When she failed to do so within the time set, she was granted an extension. Tannis did not file a *pro se* brief within the time set by the final extension, which expired on April 15, 1991. She has filed nothing in support of her argument to date.

In accordance with *Anders*, we have independently considered the matters counsel raises in his *Anders* brief and also independently examined the record to determine whether it presents any non-frivolous issue that would justify our review. Having found none, we will affirm Tannis's conviction and sentence.

With respect to the plea proceeding, the *Anders* brief raises a question of whether the district court complied with Federal Rule of Criminal Procedure 11 before accepting Tannis's guilty plea. As interpreted by *McCarthy v. United States*, 394 U.S. 459, 464–67, 89 S.Ct. 1166, 1169–71, 22 L.Ed.2d 418 (1969), a court must establish both that a defendant understands the charge to which she is pleading, which guarantees that the plea is voluntary and, that there is a factual basis for the plea.

Here, the district court did make certain that Tannis had reviewed a copy of the indictment, that she understood it and that she had discussed it with counsel. App. at 7a. The district court then went on to review the rights that Tannis would be waiving by pleading guilty and the maximum penalties that could be imposed. App. at 21a–22a. The record concerning the Rule 11 plea colloquy demonstrates that Tannis had an adequate understanding of the charges to which she was pleading guilty. *See United States v. Trott*, 779 F.2d 912, 914 (3d Cir.1985).

The district court also questioned Tannis as to her possession of the cocaine on the date charged in the indictment. This questioning and her answers adequately demonstrated a factual basis for her plea. *See* App. at 13a–16a; *Trott*, 779 F.2d at 914. No non-frivolous appellate issue can fairly be presented as to the adequacy of the Rule 11 colloquy.

We likewise find no non-frivolous issue in connection with the sentence the

district court imposed. The district court imposed the minimum sentence of ten years required by 21 U.S.C.A. § 841(b) (West Supp.1991) for possession with intent to distribute 374 grams of a substance containing cocaine base. It had no authority under 18 U.S.C.A. § 3742 (West 1985 & Supp.1991) to review the reasonableness of the mandatory minimum sentence the statute specifies. Section 3742 furthermore deprives the court of discretion with respect to probation. It provides that a court "shall not place on probation or suspend the sentence of any person sentenced under this subparagraph." 21 U.S.C.A. § 841(b).

18 U.S.C.A. § 3553(e) (West Supp.1991) gives the district court a limited authority to impose a sentence below the statutory minimum when the government files a motion that sets out a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. No such motion was filed in this case.

■ The statute required the district court to impose a minimum of ten years imprisonment. The court noted that a mandatory ten-year term was "a very harsh and extreme sentence" in the instant case, App. at 32a, but correctly decided it had no authority to impose a lesser sentence. The court did reduce the Guidelines sentence to the statutory minimum of 120 months, or ten years. This gave Tannis a minor downward departure from the applicable guideline range of 121 to 151 months. The guidelines cannot supersede the statute. *See United States v. Donley*, 878 F.2d 735, 741 (3d Cir.1989); *see also* United States Sentencing Commission, *Guidelines Manual*, § 5G1.1 (Nov. 1990) (stating that if the application of the guidelines results in a sentence below the minimum sentence required by the statute, the statutory minimum shall be the guideline sentence). Thus, the ten-year sentence imposed in this case presents no non-frivolous issue for review.

Having determined that neither the issues raised in the *Anders* brief nor any other issue suggested to us by our independent review of the record is non-frivolous, we will affirm Tannis's conviction and sentence.

A. LEON HIGGINBOTHAM, Circuit Judge, concurring.

I join with the majority opinion and recognize that, in this case, there is no judicial option by which Tannis can obtain relief. I write separately because of an escalating concern on my part that Congress may not have fully appreciated the egregious consequences which sometimes result from the imposition of a statutory minimum sentence on a first offender who is not a major participant in a drug transaction. In cases such as this, district judges frequently complain about imposing sentences which, to them, seem unduly harsh. It is a recurring topic in informal conversations and often in explicit statements made during sentencing. However, little is accomplished if we speak only to ourselves, and the Congress and the public are deprived of learning about the unnecessary harshness that sometimes occurs.

This case presents yet another tragic example of the inflexible application of the sentencing guidelines caused by the statutory minimum imposed by Congress in 21 U.S.C. § 841(b)(1)(A). The statute requires a ten-year mandatory minimum for possession of certain types and quantities of narcotics. The presentence report advises us that Kathy–Ann Tannis is twenty-one years old, first offender, and the mother of a one-year old child. As a courier, unlinked to the main drug organization, she was a relatively small link in a massive chain.

While he recognized that her actions were illegal, the trial judge thought it egregious that he was compelled under 18 U.S.C. § 3553(e) to impose a sentence that was harsher than he otherwise would have after considering all of the relevant factors in the case. When we remove all discretion from trial judges and preclude them from making individual determinations, even for first offenders, it is doubtful whether society benefits on either a long term or short term basis. The concern expressed by the thoughtful trial judge in this case is similar to comments we read frequently from oth-

er judges. His words should serve as an impetus to our legislators to re-evaluate a ten-year mandatory minimum sentence for a first offender, who does not appear to have been a major player in the drug transaction. Hopefully, our legisltaors will consider whether, in cases of this type, trial judges should have some increased flexibility in departing from a ten-year sentence. The experienced trial judge, Alfred Wolin, who sat previously as a state judge, made the following remarks:

> "There's no doubt that the sentence that the guidelines calls for is a very harsh and very extreme sentence, one that this Court, if left to its own devices, would not impose. While I think that you should go to jail, and I think that all couriers should go to jail, to take a 21 year old woman and to sentence her to a mandatory minimum of 10 years, as I must, is a very harsh and extreme sentence. When one thinks that when you emerge from an institution, you will be 31, you will have given away 10 of the productive years of your life and will be separated from you child in your child's development years, that's a very heavy concern for this Court. But I have no choice." (emphasis added) App. 32a–33a.

Judges and legislators must always remember that ultimately we are not sentencing widgets or robots, but human beings. I am not suggesting that human frailties and crimes should be ignored. Nevertheless convicted defendants should be sentenced within the spectrum of what most able judges would consider fair and reasonable both for our society and for the sentenced defendant.