UNITED STATES of America,

v.

Domingo CARRION, Appellant.

No. 00–2578.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 16, 2002.

Decided Dec. 18, 2002.

Before SLOVITER, RENDELL, and GREENBERG, Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

I.

Appellant Domingo Carrion was indicted, along with three codefendants, for distribution and conspiracy to distribute in excess of 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846. He entered into a plea agreement in which the Government agreed to accept his plea to two counts of interstate travel in aid of racketeering in satisfaction of the outstanding drug distribution and conspiracy counts. Each count carried a maximum sentence of five years imprisonment. Therefore, the effect of the plea agreement was that it placed a ten-year cap on Carrion's potential maximum sentence even though the Sentencing Guidelines may have authorized a substantially longer sentence. Following Carrion's written plea agreement with the Government, he pled guilty to an information charging him with two counts of interstate travel in aid of racketeering. He was sentenced to two consecutive five-year terms, which the court reduced to a sentence of eight years in light of the Government's downward departure motion pursuant to U.S.S.G. § 5K1.1.

Carrion appealed. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if counsel is convinced after conscientious investigation

that the appeal is frivolous, counsel may properly ask to withdraw. *See id.* at 744. *Anders* also requires that counsel's brief cite any matters that may be arguably appealable. *See id.; United States v. Tannis,* 942 F.2d 196, 197 (3d Cir.1991). In this case, counsel stated no matter that was arguably appealable. Carrion has not filed a *pro se* brief in support of his appeal although he was advised of the opportunity to do so by this court.

## II.

Carrion's guilty plea was unconditional and he is thus limited on appeal to challenging the jurisdiction of the court that accepted the plea, the validity of the plea, and the legality of the sentence imposed. The District Court clearly has jurisdiction over federal crimes and had the authority to accept Carrion's plea. 18 U.S.C. § 3231.

The District Court conducted a detailed colloquy before accepting the guilty plea. Carrion was questioned about his ability to understand the proceedings. He was told about the charges against him, and the terms of the plea agreement. The court stated, *inter alia,*

BY THE COURT:

Q. By pleading guilty, you expose yourself to the penalties provided by law. And the penalties in this case on these two counts are up to five years on each count, a fine of up to $250,000.00 on each count, a special assessment of $100.00 on each count, the costs of prosecution on each count and a period of supervised release on each count.

All those penalties can be doubled. So in effect the maximum penalty you are facing by pleading guilty is ten years imprisonment, and a doubling of those fines and costs; do you understand that?

A. Yes.

App. at 56–57.

The court questioned Carrion whether he had been offered promises to plead and whether he understood that he was waiving his right to trial. The court set forth the rights afforded during a trial and advised Carrion that he was waiving the ability to make certain challenges by his guilty plea.

The subsequent presentence investigation report determined that Carrion's sentencing range was 235 to 293 months. It is apparent that the plea agreement, which capped Carrion's sentence to a maximum of ten years, was to Carrion's great advantage. Thereafter the government prepared a revised presentence report which was provided to defense counsel, who objected to the failure to give Carrion a three-point reduction for acceptance of responsibility and for pleading promptly, as authorized under U.S.S.G. § 3E1.1. The probation officer declined to change the sentencing range, noting that even with a three-point reduction Carrion would still face imprisonment of 168 to 210 months, once again in excess of the 120 month maximum sentence possible under his plea agreement.

At the sentencing hearing, the Government filed a motion for a twelve-month downward departure, defense counsel requested that the court depart still further, and, as noted above, ultimately the court sentenced Carrion to a term of eight years.

Defense counsel moved to withdraw and noted that Carrion advised him after the sentencing that he believed his two five-year sentences were to be concurrent. There is no such indication on the record which, on the contrary, makes it clear that the judge emphasized Carrion's exposure to a maximum of ten years.

Insofar as Carrion seeks to raise an ineffective assistance of counsel claim before us on this direct appeal, we decline to review it because we generally do not review ineffective assistance of counsel claims on direct appeal and prefer that they be raised in a collateral proceeding under 28 U.S.C. § 2255.

We have conducted an independent review of the record, and we agree with counsel that there are no nonfrivolous issues that justify review.

It appears that counsel has complied with all of the procedures specified in *Anders*. Accordingly, we will affirm the judgment of conviction and sentence and grant counsel's request to withdraw.