

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2003

# USA v. Gonzalez-Velez

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3162

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation
"USA v. Gonzalez-Velez" (2003). *2003 Decisions.* Paper 32.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/32

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3162

UNITED STATES OF AMERICA

v.

MARISELLA GONZALEZ-VELEZ,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 01-cr-00250)
District Judge:  Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2003

Before:  RENDELL, BARRY and MAGILL*, Circuit Judges.

(Filed: December 22, 2003 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

_____

*Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

Marisella Gonzalez-Velez was charged with conspiring to import cocaine from the Dominican Republic through Newark International Airport in violation of 21 U.S.C. §§ 952(a) and 963. She pled guilty and on July 22, 2002, the United States District Court for the District of New Jersey sentenced her to 70 months imprisonment to be followed by 5 years of supervised release. Gonzalez-Velez filed a pro se appeal and counsel was appointed and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asking this court to allow him to withdraw because he is unable to find any non-frivolous issues for our review. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

As required by Anders, Gonzalez-Velez's counsel directed us to portions of the record that might arguably support an appeal. Counsel pointed out two possible issues: (1) whether the District Court conducted a sufficiently thorough plea hearing and; (2) whether Gonzalez-Velez's sentence was legally imposed.[1]

The plea hearing conducted by the District Court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure and therefore, was sufficiently thorough. The District Court made sure that Gonzalez-Velez understood the charges

---

[1] We note that because Gonzalez-Velez entered an unconditional guilty plea on the record in open court, her arguments on appeal are limited to challenging the jurisdiction of the District Court, the validity of the plea, and the legality of the sentence imposed. United States v. Broce, 488 U.S. 563, 569 (1989).

2

against her, the rights she was giving up by entering the plea, the maximum and minimum penalties, and that she wished to enter a guilty plea to the specific charge of knowingly and intentionally conspiring with others to import more than 5 grams of cocaine in violation of 21 U.S.C. §§ 952(a) and 963. See Fed. R. Crim. P. 11(d). In addition, the District Court ensured that there was an adequate factual basis for Gonzalez-Velez's guilty plea by personally questioning her regarding the facts of the case. See Fed. R. Crim. P. 11(f). Therefore, because Gonzalez-Velez's plea proceeding complied with Rule 11 of the Federal Rules of Criminal Procedure, it was sufficiently thorough. See United States v. Tannis, 942 F.2d 196 (3rd Cir. 1989) (granting counsel's request for withdrawal after finding that Appellant's guilty plea was knowing and voluntary and that the District Court complied with the requirements of Rule 11).

It is clear from the record that Gonzalez-Velez's sentence was legally imposed. Gonzalez-Velez's total offense level was 27, she had no criminal history points, and she qualified for the § 5C1.2 "safety valve" provision of the United States Sentencing Guidelines. Therefore, the District Court correctly determined that the range under the guidelines was 70 to 87 months imprisonment. The District Court sentenced Gonzalez-Velez at the lower end of the range, 70 months imprisonment and 5 years supervised release. Moreover, the District Court stated, in detail, its reasons for imposing such a sentence. Therefore, Gonzalez-Velez's sentence was legally imposed. See 18 U.S.C. § 3742.

Lastly, as required by <u>Anders</u>, Gonzalez-Velez was given notice of her counsel's desire to withdraw, allowing her the opportunity to raise any non-frivolous issues for appeal in a <u>pro se</u> brief. Gonzalez-Velez failed to file such a brief.

Because Gonzalez-Velez's plea proceeding was proper and her sentence was legal, we will GRANT counsel's request to withdraw. Because we find that Gonzalez-Velez's issues are without merit, we will AFFIRM the judgment of sentence entered by the District Court.

———————————————

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell
Circuit Judge