**UNITED STATES,**

v.

**Jose SANCHEZ, Appellant.**

**No. 03–4760.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Feb. 10, 2005.

Decided Feb. 23, 2005.

Thomas M. Zaleski, Office of United States Attorney, Philadelphia, PA, for Appellee.

William J. Brennan, Philadelphia, PA, for Appellant.

Before BARRY, FUENTES, and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Counsel for Jose Sanchez has filed a motion to withdraw as court-appointed appellate counsel in this case and has submitted a brief in support thereof pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel argues that there are no non-frivolous issues that can be raised on appeal by Sanchez. Sanchez was provided with a copy of the motion and the brief and was

given notice that he could file a *pro se* brief. He elected not to do so.

On June 21, 2001, Jose Sanchez was charged in Count One of a 61–count indictment, accusing him of conspiracy to distribute more than 50 grams of cocaine base ("crack") and more than five kilograms of cocaine in violation of 21 U.S.C. § 846. The charge arose from his participation in a conspiracy to distribute crack and cocaine in the 3000 block of North Lawrence Street in Philadelphia from January 1999 until December 2000. Sanchez was apparently a daily street seller and frequent "case-worker" for the Santiago Drug Organization, which operated a large drug distribution network in Philadelphia and was the subject of a joint investigation, known as "Operation Sunrise," conducted by the Drug Enforcement Agency and the Philadelphia Police Department.

On March 29, 2002, Sanchez pled guilty to Count One of the indictment pursuant to a written plea agreement. In the plea agreement, Sanchez promised to cooperate in the government's investigation and prosecution of others, and the government in turn agreed to consider a departure motion under § 5K1.1 of the U.S. Sentencing Guidelines ("Guidelines") and a motion for relief under any mandatory minimum term of imprisonment under 18 U.S.C. § 3553(e) (which was ultimately filed) based on his cooperation.

On December 5, 2003, Sanchez appeared before the District Court for sentencing. The District Court granted the government's § 5K1.1 and 18 U.S.C. § 3553(e) motions and, after acknowledging that the sentencing range under the Guidelines was 235 to 293 months, imposed a sentence of 120 months. In addition, the District Court imposed a term of supervised release of five years, a $1,000 fine, and a

$100 special assessment. On December 15, 2003, a notice of appeal was filed by Sanchez.

After reviewing counsel's *Anders* brief, we conclude that this case does not raise any non-frivolous issues. Therefore, we will affirm the District Court's sentence and grant counsel's motion to withdraw.

We adhere to a two-part inquiry when analyzing *Anders* briefs. *See United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001). This inquiry consists of the following: "(1) whether counsel adequately fulfilled the rule's[1] requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *Id.* Regarding the first issue, we find that counsel's brief is adequate. When an attorney submits an *Anders* brief, his duties are (1) to demonstrate to the Court that he has thoroughly examined the record for appealable issues; and (2) to demonstrate that the issues are frivolous. *Id.* In carrying out his duties, "[c]ounsel need not raise and reject every possible claim." *Id.* Counsel needs only to satisfy the "conscientious examination" standard set forth in *Anders. Id.* After reviewing the brief submitted by counsel, we are satisfied that counsel has met this standard. He examined the record for any potential appealable issues arising from the plea proceeding and the sentencing proceeding and supported his claims of frivolousness with citations to the relevant case law.

With regards to the second-prong of the analysis, we must conduct our independent review of the record to determine whether any non-frivolous issues should be raised on appeal. However, when an *Anders* brief appears adequate on its face, as it does here, our independent examination of the record is to be guided by the *Anders*

---

1. Rule 109.2 of the Third Circuit's Local Rules outlines the requirements appellate counsel must follow in order to withdraw from the representation pursuant to *Anders.*

brief itself. *See Youla*, 241 F.3d at 301. Counsel raises two possible issues for review in his *Anders* brief: (1) whether Sanchez's guilty plea was entered knowingly, voluntarily, and in conformity with the law; and (2) whether the sentence imposed on Sanchez was improper. On the basis of our review, we agree that both issues are without merit, and hence frivolous.

First, the guilty plea was made knowingly, intelligently and voluntarily. The District Court carefully explained to Sanchez his rights and the ramifications of entering a plea of guilty. The District Court also made sure that Sanchez understood the charge and the potential penalties and determined that Sanchez discussed the charges and his case with his counsel. The record supports the finding that Sanchez made a knowing, intelligent and voluntarily plea. *See United States v. Tannis*, 942 F.2d 196, 197 (3d Cir.1991).

As to sentencing, again there was no error. In this matter, pursuant to the government's § 5K1.1 and 18 U.S.C. § 3553(e) motions, the District Court imposed a sentence of 120 months, which represented a substantial favorable departure of over one hundred months from the sentencing range of 235 to 293 months recommended by the Guidelines. We find no problem with the sentencing procedure used by the District Court. Any argument that the sentencing process was illegal or violative of the law would be frivolous.[2]

After our independent examination of the record, we find that there are no non-frivolous issues that could be raised on appeal. Thus, we will affirm the District Court's judgment of sentence and we will grant counsel's motion to withdraw. In addition, because we find that this matter raises no meritorious legal issues on appeal, counsel is not required to file a petition for writ of certiorari with the Supreme Court.

---

**2.** We note that this case presents no issues under the Supreme Court's recent decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 746–47, 755–56, 160 L.Ed.2d 621 (2005) (holding that the Sixth Amendment to the U.S. Constitution applied to the Guidelines and requiring that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by

the defendant or proved to a jury beyond a reasonable doubt"). In this case, the District Court imposed a sentence (120 months, or 10 years) which equaled the statutory mandatory minimum. A court may impose the statutory mandatory minimum sentence without the need for any jury fact-finding or admission beyond the fact of the conviction itself. *See Harris v. United States*, 536 U.S. 545, 565, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002).