

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# USA v. Moore

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"USA v. Moore" (2008). *2008 Decisions.* Paper 89.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/89

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4062
_____

UNITED STATES OF AMERICA

v.

DARNELL DEVERLYN MOORE

Darnell Moore,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1 : 07-cr-00131-2)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 3008

Before: FUENTES, HARDIMAN and GARTH, *Circuit Judges*.

(Filed:  December 17, 2008)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Darnell Moore appeals the judgment of the District Court imposing a mandatory ten-year sentence under 18 U.S.C. § 924(c)(1)(A)(iii). We will affirm.

## I.

Because we write exclusively for the parties, we will discuss the facts and procedural history of the case only briefly.

Moore pleaded guilty to the use of a weapon during a crime of violence, an armed bank robbery, which carries a five-year mandatory minimum sentence and a maximum sentence of life imprisonment. 18 U.S.C. § 924(c)(1)(A)(i). As part of his guilty plea, Moore reserved the right to challenge the Government's claim that he was subject to a ten-year mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(iii) because it was reasonably foreseeable that his co-conspirator would discharge a firearm during the armed robbery.

The District Court conducted an evidentiary hearing and found as a matter of fact that Moore could have reasonably foreseen the use of a firearm by his co-conspirator during the robbery. Moore argues that the District Court erred because he was unaware that his co-conspirator was armed or intended to discharge a firearm during the robbery.

## II.

It is well established that a criminal defendant is liable for the reasonably foreseeable actions of his co-conspirators. *Pinkerton v. United States*, 328 U.S. 640, 647-

2

48 (1946); *United States v. Ramos*, 147 F.3d 281, 286 (3d Cir. 1998) (applying *Pinkerton* liability in the context of 18 U.S.C. § 924(c)). The Supreme Court has held that the statutory enhancements under § 924(c)(1) are sentencing factors which the Government must prove by a preponderance of the evidence. *Harris v. United States*, 536 U.S. 545 (2002). We review the District Court's factual findings related to sentencing for clear error. *United States v. Grier*, 475 F.3d 556, 568-70 (3d Cir. 2007) (en banc).

Here, the District Court made three findings of fact in support of its legal conclusion that the use of a firearm was foreseeable: (1) Moore knew his co-conspirator always carried a firearm; (2) Moore saw his co-conspirator with a magazine for the firearm; and (3) Moore acknowledged that he could not physically handle the firearm. *Dist. Ct. Op.* at 13. Moore objects to these findings, claiming that he did not have specific knowledge that his co-conspirator was carrying a firearm on that particular day and that the facts were unclear as to whether he saw the magazine before or after the robbery.

Our review of the record leads us to conclude that there is ample support for the District Court's factual findings. Moreover, Moore's admission that his co-conspirator "always carried a gun" is sufficient to show Moore could have foreseen that a firearm would be used, brandished or discharged during the robbery, even if Moore did not have actual knowledge that his co-conspirator had a firearm on that specific day. *See United States v. Dixon*, 982 F.2d 116, 120 (3d Cir. 1992).

3

Additionally, Moore's assertion that the District Court incorrectly credited the FBI officer's testimony regarding his viewing of the magazine is unavailing. During questioning about the events surrounding the robbery, Moore admitted to seeing the magazine. Moore now asserts that this statement is an insufficient admission because the statement does not specify that he saw the magazine before the robbery. Moore made this statement when he was asked if he knew his co-conspirator had ammunition for the gun and Moore replied that he had seen a loaded magazine. We find that the context in which this statement was elicited was sufficient for the District Court to credit it as evidence that Moore saw the magazine before the robbery took place, even though that specific language was not used.

Finally, Moore's comment that he did not commit the bank robbery because he injured his hand and could not carry a firearm is further evidence that the use of a firearm by one of his co-conspirators was foreseeable.

Having upheld these factual findings, it follows *a fortiori* that the District Court's legal conclusion regarding foreseeability was not clearly erroneous. Therefore, we hold that the ten-year mandatory minimum of 18 U.S.C. § 924(c)(1)(A)(iii) was properly applied to Moore.

III.

Moore also challenges the reasonableness of his sentence. This argument is a non-starter in light of our holding that the ten-year mandatory minimum applies to Moore.

4

Title 18, § 3553(e) gives the District Court limited authority to impose a sentence below the statutory minimum if the government files a motion that sets out a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. No such motion was filed in the case. Thus, having imposed the mandatory minimum required by statute, the District Court had no authority to review the sentence for reasonableness. *See, e.g., United States v. Tannis*, 942 F.2d 196, 198 (3d Cir. 1991) (holding that the district court had no authority to review a mandatory minimum sentence under 18 U.S.C. § 3742). Because no motion was filed by the Government and because the mandatory minimum was imposed, we find Moore's sentence reasonable.

For the foregoing reasons, we will affirm the judgment of the District Court.