

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2009

# USA v. Taibika Dawson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2155

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Taibika Dawson" (2009). *2009 Decisions.* Paper 1529.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1529

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2155

UNITED STATES OF AMERICA

v.

TAIBIKA DAWSON,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 07-cr-00316-1)
District Judge:  Honorable Joel A. Pisano

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2009

Before:  RENDELL, AMBRO and JORDAN, Circuit Judges

(Filed:  April 16, 2009)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Taibika Dawson appeals the entry of a guilty verdict against him in the District

Court for the District of New Jersey for possession of a firearm by a convicted felon in

violation of 18 U.S.C. §§ 922(g)(1)-(2).  Dawson's counsel moved to withdraw pursuant

to *Anders v. California*, 386 U.S. 738 (1967). Because we find no non-frivolous arguments in support of Dawson's appeal, we will affirm.

As we write for the benefit of the parties, we only briefly summarize the essential facts. In 2006, Trenton police officers on patrol observed a group loitering in the front yard of a residence. Upon shining a light on the group, they observed Dawson holding a black handgun at his side. Dawson ran toward the front door of the residence while attempting to conceal the gun, and disobeyed police orders to stop and show his hands. The officers saw Dawson toss something into the residence. After a struggle, Dawson was arrested and a firearm was confiscated from his person. Police subsequently recovered a second firearm found in plain view inside the doorway. After a jury trial, Dawson was convicted of possession of a firearm by a previously convicted felon, and was sentenced within the applicable U.S. Sentencing Guidelines range. We construe Dawson's *pro se* arguments on appeal as challenges to the sufficiency of the evidence to convict him and the adequacy of his appointed counsel.

We have jurisdiction under 28 U.S.C. § 1291. *United States v. Tannis*, 942 F.2d 196, 197 (3d. Cir. 1991). Under *Anders*, if court-appointed "counsel finds his case to be wholly frivolous, after a conscientious examination of it," he may request permission to withdraw accompanied by a brief alerting the court to "anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744; *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). In assessing an *Anders* brief, we must determine: 1) whether

counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and 2) "whether an independent review of the record presents any non-frivolous issues." *Youla*, 241 F.3d at 300. If the *Anders* brief appears adequate on its face, we will confine our scrutiny to the portions of the record identified in Appellant's *pro se* brief and Counsel's *Anders* brief. *Id.* at 301.

In his brief, Counsel reviews what he characterizes as a "straightforward and simple" case, in which the Government produced three police officer witnesses, each of whom testified to seeing Dawson in possession of a firearm. (Anders Br. at 6.) Counsel relates that the defense's effort to suppress firearm evidence prior to trial failed when witnesses the defense expected to contradict the Government's witnesses failed to appear. Counsel also asserts that there can be no arguments relating to admission of evidence at trial because Dawson succeeded in the only significant ruling when the Court agreed to keep out evidence of drugs and money at the scene. As for sentencing, Counsel notes that the District Court rejected a four-level upward adjustment recommended in the Pre-Sentence Report, and sentenced Dawson at the very bottom of the resulting guideline range. Upon reviewing the proceedings from start to finish, Counsel concluded that there were no non-frivolous avenues for appeal. We conclude that Counsel's *Anders* brief is adequate on its face, and our examination of the record relating to the proceedings described by Counsel reveals no non-frivolous arguments. We therefore limit further inquiry to the issues raised by Dawson *pro se*.

3

Two additional arguments are made by Dawson in his *pro se* brief: that the Government's police officer witnesses lacked credibility, and that Dawson received ineffective assistance of counsel in violation of the Sixth Amendment. With regard to the credibility of witnesses on appeal, we do not "usurp the role of the jury by weighing credibility and assigning weight to the evidence," *United States v. Wise*, 515 F.3d 207, 214 (3d Cir. 2008). The Government presented three witnesses testifying that Dawson was in possession of a firearm and it was for the jury to decide whether to credit this testimony. This argument accordingly lacks merit. As for the alleged ineffective assistance of counsel, we "generally do[] not review Sixth Amendment ineffective assistance of counsel claims on direct appeal." *United States v. Olfano*, 503 F.3d 240, 246 (3d Cir. 2007). There is no reason here to depart from this general rule.

We find no non-frivolous arguments in support of Dawson's appeal. Counsel is under no obligation to file a petition for writ of certiorari in the United States Supreme Court. *See* Third Circuit L.A.R. 109.2(b). We will affirm the judgment of the District Court and, in a separate order, grant Counsel's motion to withdraw.