

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2009

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2905

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Thomas" (2009). *2009 Decisions.* Paper 1389.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1389

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2905
_____

UNITED STATES OF AMERICA

v.

THOMAS DARMEL THOMAS,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 06-cr-00322)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 27,2009

Before: RENDELL, AMBRO, and JORDAN, Circuit Judges

(Filed: May 8, 2009)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Appellant Thomas Darmel Thomas pleaded guilty to one count of possession with

intent to distribute "crack" cocaine in violation of 21 U.S.C. § 841(a)(1).  The District

Court for the Middle District of Pennsylvania entered judgment and sentenced him to

194 months' incarceration, a sentence within the guideline range of 188 to 235 months. Thomas appeals the judgment of conviction and sentence on several grounds. Thomas's attorney moved to withdraw from representation and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Finding no non-frivolous arguments in support of Thomas's appeal, we will affirm the Judgment and Commitment Order of the District Court. However, we will deny Counsel's motion to withdraw since Thomas may require assistance if he chooses to move for reconsideration of his sentence in the District Court pursuant to 18 U.S.C. § 3582(c)(2).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *United States v. Tannis*, 942 F.2d 196, 197 (3d. Cir. 1991). In assessing an *Anders* brief, we must determine: 1) whether counsel has thoroughly examined the record and explained why the appeal presents no issues of even arguable merit; and 2) whether our independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); Third Circuit L.A.R. 109.2(a). If the *Anders* brief appears adequate on its face, we will confine our scrutiny to the portions of the record identified in an appellant's *pro se* brief and counsel's *Anders* brief. *Youla*, 241 F.3d at 301.

Here, Counsel's *Anders* brief appears adequate on its face. Counsel identified three general grounds for challenging a conviction and sentence based on a guilty plea – jurisdiction, validity of the plea, and the legality and reasonableness of the sentence – and thoroughly explained why there were no arguably appealable issues in Thomas's

2

case. We therefore restrict our inquiry to the issues raised by Counsel and Thomas in his *pro se* brief.

Thomas does not deny the conduct underlying his conviction. However, he argues that the judgment of conviction is invalid because it describes the nature of his offense as distribution *and* possession with intent to distribute, while he only pleaded guilty to possession with intent. This argument lacks arguable merit. Section 841(a) criminalizes possession with intent to distribute under § 841(a)(1) *or* distribution under § 841(a)(2), without any substantive distinctions between the acts. Thomas was charged with drug trafficking in violation of § 841(a)(1), pleaded guilty to violating § 841(a)(1), and was convicted expressly for violating § 841(a)(1). That the District Court happened to describe the nature of the offense in the judgment under the more general scope of the trafficking statute is immaterial.

Furthermore, Thomas argues that his conviction is invalid because his indictment only cited the "unlawful acts" portion of § 841(a) without identifying the applicable "penalties" portion of § 841(b). An "indictment is sufficient so long as it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007). We see no non-frivolous argument that the indictment plainly charging Thomas with possessing

3

cocaine base with intent to distribute, in violation of § 841(a)(1), failed to satisfy any of these requirements.

Thomas also challenges his sentence on several grounds. Thomas did not object to the calculated guideline range of 188 to 235 months at his hearing, and did not move for a downward departure. However, he requested a discretionary downward variance in consideration of the guideline disparity between crack and powder cocaine pursuant to *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). The District Court acknowledged that the guideline range was high, but stated that it was justified in light of Thomas's extensive criminal history and the circumstances of his arrest. Yet the Court reasoned that a sentence below the maximum would serve the objectives of sentencing in light of his age and family history. The Court accordingly selected an intermediate sentence of 194 months' incarceration.

Thomas argues on appeal that (1) the enhanced guideline range for crack was inapplicable because he was charged merely for possession of undifferentiated cocaine base; (2) his sentence should be reconsidered in light of *Kimbrough v. United States*, 128 S.Ct. 558 (2007); and (3) his sentence should be reconsidered in light of Amendment 706[1] to the U.S. Sentencing Guidelines. None of these arguments has arguable merit.

---

[1] In his *pro se* brief, Thomas points to Amendment "705," but we construe this to be a reference to Amendment 706.

4

First, Thomas did not object to the calculation of his sentencing range on the basis of crack cocaine instead of some other form of cocaine base. In fact, in seeking a discretionary variance from the guidelines, he argued that the "disparity between powder cocaine and crack cocaine" should be considered, and that the "amount of crack" involved was close to the low end of the applicable guideline level. (App. 56.) There is no question that Thomas was fully apprised of his sentencing exposure for possession of crack at the time he entered his plea, and his argument that he should not have been sentenced accordingly is frivolous.

Second, although the Supreme Court decided *Kimbrough* after Thomas was sentenced, the record demonstrates that the District Court's analysis was in full compliance with the opinion. The District Court had the benefit of our prior decision in *Gunter*, in which we made clear that nothing about the crack cocaine guidelines made them any "less advisory," or less subject to a district court's discretion, than any other guidelines. 462 F.3d at 248. *Gunter* is fully compatible with the Supreme Court's ruling in *Kimbrough* that a district court has the discretion to reduce a sentence if the crack/powder sentencing disparity would otherwise yield an excessive sentence. *Kimbrough*, 128 S. Ct. at 587. In fact, Counsel for Thomas specifically cited the crack/powder cocaine disparity and asked the District Court to exercise its discretion under *Gunter* to enter a sentence below the guideline range. The record demonstrates that

5

the District Court understood its discretion with regard to the crack/powder cocaine disparity, and any argument to the contrary lacks arguable merit.

Finally, Thomas argues that we should remand this matter to allow the District Court to reconsider his sentence in light of Amendment 706 to the Sentencing Guidelines, which reduced sentences for crack convictions after he was sentenced. *See* 73 Fed. Reg. 217-01 (Jan. 2, 2008); U.S.S.G. § 1B1.10(c). The appropriate avenue for Thomas to seek reconsideration of his sentence in light of Amendment 706 is through a motion in the District Court, rather than on this direct appeal. *See* 18 U.S.C. § 3582(c)(2); *United States v. Wise*, 515 F.3d 207, 221 n.11 (3d Cir. 2008). Our decision today in no way prejudices Thomas's right to pursue such relief.

For the foregoing reasons, we conclude that Counsel filed an adequate *Anders* brief and our independent review of the record reveals no appealable issues of arguable merit. Counsel is under no obligation to file a petition for writ of certiorari in the Supreme Court per 3d Cir. L.A.R. 109.2(b). We will AFFIRM the judgment of the District Court and, but in a separate order, we will DENY Counsel's motion to withdraw.[2]

---

[2]Counsel may petition the District Court to be relieved of responsibility for pursuing any application there under § 3582(c)(2), but we think it would be unwise for us to grant withdrawal, since Thomas may choose to seek relief in the District Court and his current counsel is thoroughly familiar with his case.