OPINION
SLOVITER, Circuit Judge.
Timothy Johnson challenges the District Court’s denial of his motion to withdraw his guilty plea. We will affirm.
I.
Johnson was a leader in the “Sex, Money, Murder” subgroup of the “Bloods” street gang, which engaged in drug distribution in Williamsport, Pennsylvania. Between 2008 and August 2005, members of the gang brought 50 to 200 bricks of heroin from Newark, New Jersey, to Williamsport for distribution. According to the Presentence Report (“PSR”), on three occasions Johnson received a call for the purchase of heroin and Baldwin delivered the heroin to a confidential informant. “Johnson contends that his involvement was limited to permitting Baldwin to borrow his cell phone.” Appellant’s Br. at 7.
A federal grand jury in Williamsport returned a 14-count indictment naming Johnson and nine co-conspirators. Johnson was indicted on one count of illegal membership in a street gang in violation of 18 U.S.C. § 521, one count of conspiracy to distribute, and possess with intent to distribute, more than five grams of cocaine base, heroin, eestacy, cocaine, and marijuana within 1,000 feet of a school in violation of 21 U.S.C. § 846, and three counts of distribution and possession with intent to distribute heroin within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860, and 18 U.S.C. § 2. Subsequently, the U.S. Attorney for the Middle District of Pennsylvania filed a Superceding Information against Johnson, charging a single count of conspiracy “to possess with intent to distribute and to distribute [heroin] ... in violation of 21 U.S.C. § 841(a)(1).” App. at 20.
Thereafter, Johnson entered into a written plea agreement in which he agreed to plead guilty to the one-count information in exchange for the dismissal of the five counts against him from the earlier indictment. The plea agreement expressly provided that Johnson’s maximum possible sentence of incarceration was 20 years.
When Johnson entered his guilty plea before the District Court, the prosecutor explained to him the terms of the plea agreement, and Johnson acknowledged, under oath, that he had read the plea agreement, that he had discussed it with his counsel, and that he had not been threatened or coerced into signing it.
The Court explained the elements of conspiracy and Johnson acknowledged that he understood this explanation. In addition, the prosecutor described Johnson’s role in the conspiracy, stating that Johnson “provided the telephone on [three] oecasion[s] that was used to make the phone call [to set up the controlled sales of heroin] and that [Johnson] knew that when he was providing the phone there was going to be a transaction involving the sale of heroin,” and that the conspiracy involved between 100 and 400 grams of heroin. App. at 105. Johnson acknowledged that he agreed with that characterization.
Although the prosecution did not yet have Johnson’s complete criminal history, the prosecutor stated that “[h]e could very well be a career criminal ..., which would *856 ... [make his range under the U.S. Sentencing Guidelines Manual (“USSG” or “Guidelines”) ] 151 to 188 months.” App. at 100-01. On four separate occasions during his plea colloquy, Johnson was informed that the maximum penalty he faced was 20 years incarceration. Moreover, each of the three times he was asked if he understood that he could be sentenced to up to 20 years, he acknowledged that he did.
After Johnson entered his guilty plea, the Probation Office prepared an initial PSR and later submitted a revised version. The revised PSR calculated a total offense level of 32 and a criminal history of VI because Johnson was found to be a career offender.[1] Given these calculations, as well as the statutory maximum sentence of 20 years under 21 U.S.C. §§ 841(b)(1)(C) and 846, Johnson’s Guidelines range was 210 to 240 months imprisonment.
Shortly thereafter, Johnson filed a motion to withdraw his guilty plea, arguing that his Guidelines range was “unfair and unjust in light of the [lesser] sentences imposed upon his co-defendants.” App. at 50.[2] The District Court denied this motion, and sentenced Johnson to 140 months incarceration (almost six years below the Guidelines’ minimum of 210 months).[3]
II.
Johnson challenges the District Court’s denial of his motion to withdraw his guilty plea on the basis that (1) his plea was not knowing, intelligent, and voluntary because he did not understand its consequences until he reviewed the PSR and (2) that the consequences of his plea were “unfair and unjust in light of the [lesser] sentences imposed upon his co-defendants.” Appellant’s Br. at 13. We reject both arguments.
Johnson argues that his plea was not knowing, intelligent, and voluntary because he did not “fully understand[ ] the consequences or elements of the charge to which he pleaded guilty.” Appellant’s Br. at 11. We review this argument for plain error because he did not raise it before the District Court. See United States v. Knobloch, 131 F.3d 366, 370 (3d Cir.1997).
Both the prosecutor and the District Court explained to Johnson the consequences of his guilty plea. As noted above, Johnson acknowledged that he was involved in the drug conspiracy, that he had read the plea agreement and understood its terms, that he had discussed it with counsel, that he was not threatened or coerced into signing it, and that he understood his maximum potential prison sentence to be 20 years.
Indeed, Johnson was informed four times during his plea colloquy that he faced up to 20 years in prison. First, the prosecutor advised him of that possibility and Johnson acknowledged that he under *857 stood. Later, the prosecutor repeated the statutory maximum and the District Court asked Johnson if he understood it, “[p]ar-ticularly the 20 years incarceration?” App. at 93. Johnson acknowledged that he did. Then, for a fourth time, the District Court advised Johnson that his statutory maximum was 20 years and Johnson acknowledged that he understood.
Thus, “[t]he record concerning [Johnson’s] plea colloquy demonstrates that [he] had an adequate understanding of the charges to which [he] was pleading guilty,” United States v. Tannis, 942 F.2d 196, 197 (3d Cir.1991), and of the fact that he faced as much as 20 years in prison, see Parry v. Rosemeyer, 64 F.3d 110, 114 (3d Cir.1995) (“A plea of guilty will not be found to be unknowing and involuntary in the absence of proof that the defendant was not advised of, or did not understand, the direct consequences of his plea.”), superceded by statute on other grounds as recognized in Dickerson v. Vaughn, 90 F.3d 87 (3d Cir.1996).
Johnson also argues that the District Court erred in denying his motion to withdraw his guilty plea because his co-defendants were permitted to plead to lesser offenses and were sentenced to shorter terms of imprisonment. We reverse a district court’s denial of a motion to withdraw a guilty plea only if the denial was an abuse of discretion. See United States v. Brown, 250 F.3d 811, 815 (3d Cir.2001). Further, “[w]e look to three factors to evaluate a motion to withdraw: (1) whether the defendant asserts [his] innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant’s reason to withdraw the plea.” Id. The District Court concluded that Johnson failed to meet the first and third prongs of this test and that it need not determine, under the second prong, whether the government would suffer prejudice. We agree.
As to the first prong, at no point has Johnson asserted his innocence. When he entered his guilty plea, he acknowledged, under oath, that he was involved in a conspiracy to distribute 100 to 400 grams of heroin. With respect to the third factor, the strength of his reasons to withdraw his plea are inadequate. As the District Court observed, “[Johnson’s] sole reason for withdrawing his plea appears to be that he is unhappy with the guideline range set out in the PSR.” App. at 5-6. However, we have held that a “simple shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to force the government to incur the expense, difficulty and risk of trying a defendant, who has already acknowledged his guilt before the court.” United States v. Jones, 979 F.2d 317, 318 (3d Cir.1992), superceded by statute as recognized by United States v. Roberson, 194 F.3d 408, 417 (3d Cir.1999).
III.
For the above-stated reasons, we will affirm the denial of Johnson’s motion to withdraw his guilty plea.

. Johnson was sentenced pursuant to the 2006 version of the USSG. He was characterized as a career offender because (1) he was at least eighteen when he committed the instant offense, (2) the instant offense was a felony conviction for a controlled substance offense, and (3) he had at least two prior felony convictions for controlled substance offenses. See USSG § 4B1.I.

. After the submission of the initial PSR, but before the submission of the revised version, Johnson sent a letter to the District Court requesting that "his counsel be replaced and his plea 'pulled back.'" United States v. Johnson, No. 4:05-CR-211, at 1 (Jan. 9, 2007). Johnson's counsel acknowledged that the "attorney-client relationship [wa]s irretrievably broken, and request[ed] that he be permitted to withdraw his appearance as Johnson's counsel.” Id. at 2. The District Court appointed Johnson new counsel and denied without prejudice his pro se motion to withdraw his guilty plea.

.The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.