**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4282

_____

UNITED STATES OF AMERICA

v.

CHANDRA SANASSIE,
Appellant

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. 1-08-cr-00017-001)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Pursuant to LAR 34.1(a)
January 13, 2011

Before: SCIRICA, BARRY, VANASKIE, *Circuit Judges*

(Filed: January 31, 2011 )

_____

OPINION OF THE COURT

_____

VANASKIE, *Circuit Judge*.

This matter comes before us on the motion of Appellant Chandra Sanassie's court-appointed attorney to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the following reasons, we will grant the *Anders* motion and affirm the Judgment of the District Court.

## I.

Because we write solely for the parties, we recite only those facts necessary to our decision. In or around March of 2007, Sanassie met co-conspirator Stephano Roussos. Subsequently, she agreed to participate in a scheme with Roussos and another co-conspirator, Anthony Lofink, involving Delaware's Bureau of Unclaimed Property (the "Bureau").[1] Lofink was employed by the Bureau to handle claims for property that had been escheated to the state. He developed a plan whereby he created false claims for property escheated to Delaware in the wake of the merger of Time, Inc. with Warner Communications, Inc.[2] (PSR ¶¶ 18-24.)

Lofink created two false claims in the name of Sanassie related to property escheated by Time Warner. Sanassie submitted her first claim on March 28, 2007, and deposited $195,282.12 into an account. Next, she wired $65,000 to Roussos' PNC Bank account, and $65,000 to Roussos' Commerce Bank account. She retained $65,282.12. Concerning the second claim submitted on June 4, 2007, Sanassie received a check in the

---

[1] Under Delaware law, holders of unclaimed or abandoned property are required to transfer the property to the state through a process known as escheat. (Presentence Report ("PSR") ¶ 11.) Owners of such unclaimed property, however, may present claims for escheated property. (*Id.*) The Bureau is responsible for such claims. (*Id.* at ¶ 12.)

[2] The merged entity, Time Warner, Inc., escheated millions of dollars of unclaimed property to Delaware.

amount of $222,124 and deposited $122,000 into Roussos' accounts. Sanassie's net proceeds were approximately $165,000, but the loss attributable to her for purposes of calculating an advisory sentencing guidelines range and restitution totaled $417,406.35. (*Id.* at ¶ 25.)

On March 25, 2008, Sanassie pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and two counts of conducting illegal monetary transactions as proscribed by 18 U.S.C. § 1957. A sentencing hearing was held on October 14, 2008. With a net offense level of nineteen and a criminal history category of I, Sanassie's advisory sentencing guidelines range was thirty to thirty-seven months' imprisonment. (*Id.* at ¶ 86.) The District Court sentenced her to a twenty-four-month term of imprisonment followed by two years' supervised release for the conspiracy to commit wire fraud charge, and a twenty-four-month term of imprisonment followed by two years' supervised release on the illegal monetary transaction counts. The District Court directed that all sentences run concurrently, and ordered Sanassie to pay restitution in the amount of $417,406.35 and a $300 special assessment. This appeal followed.

On July 15, 2010, Sanassie's appellate counsel filed an *Anders* motion and brief, asserting that, after independently reviewing the record, he "found no viable issues to present to the Court on appeal." (*Anders* Br. at 11.) Sanassie has not submitted a *pro se* brief.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

In *Anders*, "the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). Our local rules provide that, "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*[.]" 3d Cir. L.A.R. 109.2(a). If we agree with counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Thus, our inquiry is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Sanassie's counsel identified three potential grounds for appeal: (1) the District Court's jurisdiction; (2) the validity and voluntariness of Sanassie's guilty plea; and (3) the legality of Sanassie's sentence. He submits that none of the potential grounds for appeal has any arguable merit. Our review of the record confirms counsel's belief that there are no nonfrivolous issues on appeal.

First, we agree that the District Court had jurisdiction under 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." It is indisputable that the statutory provisions that Sanassie admitted violating, conspiracy to commit wire fraud, 18 U.S.C. § 1349, and committing an illegal

4

monetary transaction, 18 U.S.C. § 1957, are laws of the United States. Accordingly, the District Court clearly had jurisdiction.

Second, there is no basis on which to challenge the validity and voluntariness of Sanassie's guilty plea. As Sanassie failed to make any objection at her plea colloquy, we review for plain error. *United States v. Hall*, 515 F.3d 186, 194 (3d Cir. 2008). Under the plain error standard:

> an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted). "'[A] defendant who seeks reversal of [her] conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, [s]he would not have entered the plea.'" *Hall*, 515 F.3d at 194 (quoting *United States v. Dominquez Benitez*, 542 U.S. 74, 83 (2004)).

The District Court's colloquy covered Sanassie's right to plead not guilty, her trial rights, the waiver of her rights by pleading guilty, the government's factual allegations, the nature of the charges filed against her, the maximum possible penalty, and that sentencing recommendations of the United States Probation Office and the prosecutor were not binding on the District Court. Although it substantially complied with Rule 11 of the Federal Rules of Criminal Procedure, the District Court erred in failing to address

5

the government's right to prosecute Sanassie for perjury, Fed. R. Crim. P. 11(b)(1)(A), or advise her of the court's authority to impose restitution. Fed. R. Crim. P. 11(b)(1)(K). Further, while the court informed Sanassie of her right to counsel pursuant to Federal Rule of Criminal Procedure 11(b)(1)(D), she was not specifically informed of her right to court-appointed counsel for trial or other future proceedings. Nonetheless, Sanassie cannot demonstrate that the errors affected her substantial rights or seriously affected the fairness of the judicial proceedings.

Had Sanassie not pled guilty, she would have forfeited the three-point reduction for acceptance of responsibility, and greatly increased her potential prison exposure. It would be patently unreasonable for Sanassie to reject a plea agreement with an advisory guidelines range of thirty to thirty-seven months, and expose herself to a much lengthier prison term, because she was not informed of the potential for a perjury charge if she lied to the District Court. Moreover, there is nothing in the record which reflects that Sanassie perjured herself or that the government may bring perjury charges against her.

The other oversights in the plea colloquy were equally inconsequential. Nothing in the record indicates that she would have abandoned her plea had she been informed of her right to court-appointed counsel if her retained counsel had been granted leave to withdraw from the case. Moreover, Sanassie's plea agreement, which she reviewed with counsel, stated that she "agree[d] to forfeit all interests in any fraud-related asset that the defendant currently owns . . . including, but not limited to $417,406.35." (A. at 49.) In summary, the District Court conducted a thorough plea colloquy that complied with Rule 11 in all substantial respects, and correctly accepted Sanassie's plea as knowing,

6

voluntary, and intelligent. *See United States v. Tannis*, 942 F.2d 196, 197 (3d Cir. 1991) ("No non-frivolous appellate issue can fairly be presented as to the adequacy of the Rule 11 colloquy" where record established defendant understood the charge to which she pled guilty, the voluntariness of the plea, and factual basis of the plea).

Finally, we discern no arguable issue concerning Sanassie's sentence. A sentencing court is directed to follow a three-step sentencing process: (1) calculate a defendant's advisory sentencing guidelines range; (2) formally rule on any departure motions; and (3) consider the 18 U.S.C. § 3553(a) factors in imposing a sentence. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). We review the procedural and substantive reasonableness of a sentence under an abuse of discretion standard. *Id.* The District Court complied with the three-step sentencing process, and did not abuse its discretion.

At sentencing, all counsel agreed that Sanassie had a total offense level of nineteen after accounting for a three-point reduction for acceptance of responsibility. (A. 57.) With a criminal history category of I, Sanassie's advisory sentencing guidelines range was thirty to thirty-seven months' imprisonment. Furthermore, the parties agreed that the range of supervised release was two to three years, and admitted that the court properly calculated the advisory guidelines range. (*Id.* at 58.) A departure motion was not filed.

The District Court adequately considered the section 3553(a) factors. The court recognized that Sanassie was a sophisticated businessperson, specifically acknowledged factors to consider when exercising its sentencing judgment, and observed that she filed multiple fraudulent claims for unclaimed property. (*Id.* at 81-87.) Ultimately, however,

the District Court imposed a sentence that was twenty percent below the minimum in the applicable sentencing guidelines range. Under these circumstances, we cannot conclude that Sanassie's sentence was unreasonable. Accordingly, any appeal of Sanassie's sentence lacks merit.

III.

Appellate counsel adequately fulfilled the requirements of *Anders*. Our independent review of the record does not reveal any nonfrivolous grounds for appeal. For the foregoing reasons, we will affirm the Judgment of the District Court, and appellate counsel's *Anders* motion will be granted.[3]

---

[3] Sanassie is hereby advised that under the Criminal Justice Act counsel is not obligated to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court. *See* 3d Cir. L.A.R. 35.4; 3d Cir. L.A.R. 109.2(b). If Sanassie wants to pursue these avenues, she must do so either through retained counsel or *pro se*.