

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# USA v. Dennison

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1615

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Dennison" (2008). *2008 Decisions.* Paper 726.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/726

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1615
_____

UNITED STATES OF AMERICA


v.

DARYL DOUGLAS DENNISON,

Appellant.

_____

On Appeal from the United States District Court
for the District of Middle Pennsylvania
(05-cr-00405)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 25, 2008

Before: MCKEE, FUENTES, and WEIS, Circuit Judges.

(Opinion Filed: August 4, 2008)

OPINION OF THE COURT

-1-

FUENTES, Circuit Judge:

Daryl Douglas Dennison ("Dennison") was sentenced to 180 months' imprisonment followed by a three-year term of supervised release, a fine of $2,100 and costs of prosecution for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). After filing a notice of appeal, Dennison's counsel filed a motion to withdraw representation along with a brief arguing that there are no non-frivolous issues for appeal pursuant to Anders v. California, 386 U.S. 738 (1967). Dennison submitted a *pro se* brief in response. For the following reasons, we will grant counsel's Anders motion and affirm the District Court's judgment of conviction and sentence against Dennison.

## I.

Since we write for the parties, we will set forth only those facts necessary for our analysis. On February 15, 2006, represented by his first court-appointed attorney, a four-count indictment was filed against Dennison charging him with: (1) being an armed career criminal in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); (2) possession with intent to deliver 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); (3) conspiring with co-defendant LaToya Ross to traffic 50 grams or more of cocaine base in violation of 21 U.S.C. § 846; and (4) possession of firearms in furtherance of drug trafficking in violation if 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii). On August 8, 2006, Dennison's second attorney, who had replaced Dennison's original counsel and had been privately retained, negotiated a joint plea agreement

between the government and both Dennison and Ross. The agreement stated that Dennison would plead guilty to distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). The government agreed to recommend a three-point reduction in his offense level for Dennison's acceptance of responsibility.

The probation office prepared a presentence investigation report ("PSR") that determined the base offense level to be 32 for violating 21 U.S.C. § 841(a)(1). The report also established that, as a career offender, Dennison was placed in Criminal History Category VI. After taking into account the 3-point reduction, the PSR recommended a Guidelines sentence of 151-188 months. The government and Dennison agreed to suggest a 180-month sentence to the court; the parties further agreed that if this sentence was imposed, the government would drop all local charges pending against Dennison in York County, Pennsylvania, for a separate offense.

In August 2006, Dennison, represented by his second attorney, appeared before the District Court and entered a guilty plea. At these proceedings, the District Court asked Dennison if he was "satisfied with the representation [he] received from [his] counsel to date" to which Dennison replied "yes, ma'am." (Appendix ("App.") 54.) The District Court also explained to Dennison that he would be waiving certain legal rights, and Dennison affirmed that he was aware of the plea agreement details. The District Court then detailed the sentencing guidelines and the maximum sentence for the charges against Dennison. After the government explained that it was recommending a sentence of 180

months per the plea agreement, the District Court asked the defendant if that was his understanding of the plea agreement, and Dennison responded in the affirmative.

When Dennison appeared for sentencing on December 11, 2006, he expressed his desire to withdraw his guilty plea and go to trial. Thereafter, his second attorney was granted permission to withdraw his representation due to an irreconcilable conflict with Dennison. Eventually, and pursuant to the advice of his third attorney (who was appointed by the court), Dennison once again decided to move forward with the joint plea agreement.

At sentencing, Dennison did not object to the plea agreement. The District Court then sentenced Dennison to 180 months' imprisonment. After his sentencing hearing, Dennison again expressed to his attorney his desire to withdraw his guilty plea. Thereafter, Dennison's attorney filed a motion for reconsideration of the sentence, which was denied by the District Court. Dennison's counsel now files a motion to withdraw representation along with an <u>Anders</u> brief arguing that Dennison has not raised any non-frivolous issues on appeal.

## II.

In <u>Anders v. California</u>, "the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." <u>United States v. Youla</u>, 241 F.3d 296, 299 (3d Cir. 2001). These guidelines are reflected in our local appellate rules, which

provide that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders." Third Circuit L.A.R. 109.2(a). "If the panel agrees that the appeal is without merit, it will grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel." Id. In evaluating an Anders brief, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (explaining local appellate rule 109.2 (a)).

The first requirement of the Anders brief inquiry is that counsel must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain why the issues are frivolous." Youla, 241 F.3d at 300. Dennison's appellate counsel has filed an adequate Anders brief, which demonstrates a thorough examination of the record on appeal. The brief adequately lays out the factual and procedural history of the case, and identifies several topics which could give rise to an appealable issue, as well as addresses issues raised by Dennison's *pro se* brief.[1] First, the counsel's brief considers whether Dennison's post-sentence claim of innocence is frivolous. Second, the

_____

[1] In his *pro se* brief, Dennison argues: 1) that he is innocent; 2) that his guilty plea was involuntary; 3) that he was unaware of the consequences of the plea; 4) that his sentence was unreasonable; and 5) ineffective assistance of counsel. We have reviewed his claims in addition to those raised by his attorney and find that they are without merit.

-5-

brief addresses whether Dennison knowingly and voluntarily entered the guilty plea.

Third, the brief discusses why Dennison's sentence was reasonable and thus the reason

that his request for sentence reconsideration is frivolous. Finally, the brief correctly states

that this is the incorrect forum for Dennison's claim that he received ineffective

assistance of counsel. After reviewing counsel's thorough brief, and the accompanying

materials, we are satisfied that there are no appealable issues.

Next, we consider the second <u>Anders</u> requirement and conduct an independent

review of the record; it reveals that, as counsel has represented, there are no non-frivolous

issues presented on appeal. An issue is not frivolous "if [the court] finds any of the legal

points arguable on their merits." <u>Anders</u>, 386 U.S. at 743. Dennison stated under oath

that he had possessed with intent to distribute crack cocaine during the time specified.

The government, when discussing the sentencing agreement, set forth ample evidence

that demonstrated Dennison's involvement in the crimes. We are satisfied that Dennison

knowingly, voluntarily, and intelligently entered the guilty plea, after the District Court

informed him of his rights and the consequences of his plea. Additionally, it was clear

that Dennison understood the plea agreement and the charges brought against him, and

had reviewed both with counsel. <u>See</u> <u>United States v. Tannis</u>, 942 F.2d 196, 196 (3d Cir.

1991).

Finally, we are satisfied that the District Court's sentence, which fell within the

Guidelines range, was properly calculated and imposed.[2]

### III.

Accordingly, we will grant counsel's Anders motion and affirm the judgment and sentence of the District Court.

---

[2] Dennison's argument that his counsel was ineffective is not an argument considered by this court on direct appeal. United States v. Thornton, 327 F.3d 268, 271-72 (3d Cir. 2003). We defer this claim to a collateral proceeding. Id.