**UNITED STATES of America**

v.

**Daryl Douglas DENNISON, Appellant.**

**No. 09–1335.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Nov. 2, 2009.

Filed: Nov. 19, 2009.

---

Christy H. Fawcett, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Thomas A. Thornton, Esq., Frederick W. Ulrich, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: SCIRICA, Chief Judge, JORDAN and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Defendant Daryl Douglas Dennison pleaded guilty to distribution and possession with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1). He appeals the denial of his motion to reduce his sentence. We will affirm.

### I.

Dennison pleaded guilty to distribution and possession with intent to distribute crack cocaine and was sentenced to 180 months of imprisonment with three years of supervised release. The District Court adopted the Presentence Investigation Report ("PSR") with a modification. Based on Dennison's offense level and criminal history category, the PSR calculated an advisory Sentencing Guidelines range of 151 to 188 months.

The PSR also found Dennison to be a career offender. A career offender is a defendant, eighteen years of age or older, convicted of a felony involving violence or a controlled substance and with "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guideline Manual § 4B1.1 (2008). The PSR calculated Dennison's sentence using § 2D1.1, the drug offense table and a gun enhancement of two levels under § 2D1.1(b)(1).[1] However, upon motions by both Dennison and the Government, the gun enhancement was deleted from the calculation. By removing the two level enhancement, Dennison's offense level was 29 under both the

---

1. This calculation resulted in an offense level of 34 less a three level reduction for accep- tance of responsibility under § 3E1.1(a) and (b) or a total offense level of 31.

drug table and the career offender provision.[2] On February 15, 2007, the District Court sentenced Dennison to 180 months of imprisonment and three years supervised release using a total offense level of 29.

In November 2007, the Sentencing Commission reduced the base offense levels for crack cocaine offenses under § 2D1.1(c) by two levels. U.S. Sentencing Guideline Manual app. C, Amend. 706 (2007). The Sentencing Commission later declared Amendment 706 applied retroactively, effective March 3, 2008. U.S.S.G. Manual § 1B1.10(a) (2008).

Subsequently, Dennison moved the District Court to reduce his sentence under 18 U.S.C. § 3582(c)(2),[3] relying on Amendment 706. The District Court denied Dennison's motion, stating that despite the Amendment, Dennison's guideline range remained the same and thus he was not entitled to a reduction under 18 U.S.C. § 3582(c)(2). Dennison timely appeals the District Court's denial of his motion.[4] We review a court's decision to deny a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Styer*, 573 F.3d 151, 153 (3d Cir.2009).

## II.

Dennison argues 18 U.S.C. § 3582(c)(2) authorizes a reduction in sentence even absent a change to the sentencing range. Although his sentencing range would not change because of the career offender provision, Dennison asserts the "based on" language of § 3582(c)(2) requires only an amended guideline to be part of the overall calculation of the original sentence in order to warrant a reduction. Because the District Court reviewed § 2D1.1 in calculating his sentence,[5] Dennison claims his sentencing range was "based on" an amended portion of the guidelines and entitles him to application of Amendment 706.

The District Court did not abuse its discretion in refusing to reduce Dennison's sentence. Congress requires any sentence reduction pursuant to a guideline amendment to be consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *see also United States v. Dillon*, 572 F.3d 146, 149 (3d Cir.2009) (holding U.S.S.G. § 1B1.10 unaffected by *U.S. v. Booker* and binding on district courts through 18 U.S.C. § 3582(c)(2)). The policy statement provides: "[a] reduction in the defendant's

---

**2.** At the time of Dennison's sentencing, both § 2D1.1 and § 4B1.1 provided a base offense level of 32. Section 4B1.1 is to be used when the base offense level provided is higher than the offense level under the crime specific provision. U.S.S.G. Manual § 4B1.1(b).

**3.** 18 U.S.C. § 3582(c)(2) provides a district court may reduce a defendant's sentence whose "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A court can reduce a sentence, "after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

**4.** The District Court had jurisdiction to review Dennison's motion for reduction of sentence under 18 U.S.C. § 3742(a). We have jurisdiction over Dennison's appeal pursuant to 28 U.S.C. § 1291.

**5.** Dennison's argument hinges on the fact that the District Court *must* consider the drug offense level. Essentially, Dennison argues because a district court must look at § 2D1.1 in order to compare its offense level to the career offender provision, the ultimate sentence is "based on" § 2D1.1 even if the offense level provided is not used in the overall calculation.

term of imprisonment is ... not authorized under 18 U.S.C. § 3582(c)(2) if an amendment ... does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). Accordingly, a defendant is not entitled to a reduction under § 3582(c)(2) when the amendment does not change the overall guideline calculation. *United States v. Mateo*, 560 F.3d 152, 154–55 (3d Cir.2009) (citing *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir.2008)).

Amendment 706 affects only § 2D1.1(c) of the Sentencing Guidelines. It does not alter the application of the career offender offense level required by § 4B1.1. *See Mateo*, 560 F.3d at 155 ("Amendment 706 ... has no effect on the application of the career offender offense level"); *see also United States v. Forman*, 553 F.3d 585, 589 (7th Cir.2009) (per curiam) (finding Amendment 706 "provides no benefit to career offenders."); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir.2008) ("Amendment 706 had no effect on the career offender guidelines in § 4B1.1.").

### III.

Dennison contends the District Court explicitly relied on the drug offense level in § 2D1.1, not the career criminal provision, in calculating his sentence.[6] Dennison's sentencing range is 151 to 188

months of imprisonment irrespective of Amendment 706. In calculating Dennison's sentence, the District Court correctly determined he was a career offender and relied on § 4B1.1 as the higher available base offense level upon calculation of his sentence. Thus, the drug offense level did not factor into the District Court's guideline calculation and the Amendment is not applicable. Accordingly, Dennison's sentencing range does not merit a reduction under 18 U.S.C. § 3582(c)(2).[7] Therefore, the District Court did not abuse its discretion in denying Dennison's motion for a reduction of sentence.

### IV.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

**6.** One court has held that when the career offender provision "unfairly overestimates" the severity of the crime, the lower offense level can be appropriate. *United States v. Poindexter*, 550 F.Supp.2d 578, 582 (E.D.Pa. 2008). Unlike *Poindexter*, the District Court here did not find using the career offender provision "unfairly overestimated" Dennison's sentence.

Rather, both the career criminal offender level and the drug base offense level were 32 at the time of Dennison's initial sentence. Moreover, given that the District Court reconsidered its sentence on Dennison's motion

and declined to grant a reduction because "[t]he guideline range remains the same under the retroactive amendment," it is clear that the District Court based its original determination on the career offender provision.

**7.** Dennison also argues the rule of lenity requires a reduction of his sentence. We previously rejected the rule of lenity argument as it pertains to Amendment 706 and § 3582(c)(2), finding the statute unambiguous. *United States v. John Doe*, 564 F.3d 305, 315 (3d Cir.2009); *see also Mateo*, 560 F.3d at 155 (stating the language of § 3582(c)(2) is clear).