CLD-435                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3374
_____

UNITED STATES OF AMERICA

v.

DARYL DOUGLAS DENNISON, a/k/a SMICK,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-05-cr-00405-001)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Due to Untimeliness or
for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  October 16, 2013)
_____

OPINION
_____

PER CURIAM

    Daryl Dennison, proceeding pro se, appeals from orders of the District Court

denying his motion to reduce sentence and motion for reconsideration.  For the reasons

that follow, we will summarily affirm.

I.

In August 2006, Dennison pleaded guilty to one count of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a) and was sentenced to 180 months' imprisonment with three years of supervised release. He was sentenced as a career offender under U.S. Sentencing Guideline Manual § 4B1.1 (2008). We affirmed the judgment and sentence of the District Court. United States v. Dennison, 288 F. App'x 841 (3d Cir. 2008).

On January 14, 2013, Dennison filed a motion to modify the term of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, based on Amendment 750 to the United States Sentencing Guidelines, effective November 1, 2011, which lowered the base offense levels applicable to offenses involving crack cocaine.[1] The District Court appointed the Federal Public Defender's Office to represent Dennison for purposes of addressing his motion.

Relying on United States v. Mateo, 560 F.3d 152 (3d Cir. 2009), counsel filed a motion to withdraw on the basis that Dennison was not entitled to a reduction because he was sentenced as a career offender. On June 20, 2013, the District Court granted counsel's motion to withdraw and denied Dennison's motion for reduction of sentence. Dennison wrote a letter dated June 26, 2013, to the Clerk of Court, objecting to the

---

[1] This is Dennison's second motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). In October 2008, he moved to modify his sentence based on Amendment 706 to the United States Sentencing Guidelines. The District Court denied the motion because, despite the amendment, the guideline range remained the same. We affirmed. United States v. Dennison, 352 F. App'x 658 (3d Cir. 2009).

2

motion to withdraw as counsel, stating that he was not sentenced as a criminal offender, and requesting that the United States be ordered to respond to his initial motion for reduction of sentence. The District Court construed this as a motion for reconsideration, and denied it by Order entered July 1, 2013. On July 26, 2013, Dennison filed a notice of appeal.[2]

## II.

We begin with a question of timeliness and appellate jurisdiction. To be timely, a defendant's notice of appeal in a criminal case must be filed in the district court no later than fourteen days after the challenged order is entered. Fed. R. App. P. 4(b)(1)(A). A § 3582(c)(2) motion is considered a continuation of the criminal proceedings and, accordingly, the fourteen-day period for filing a notice of appeal applies. See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003). As other courts have recognized, filing a motion for reconsideration within the fourteen-day deadline for filing a notice of appeal tolls the deadline, even though such a motion is not expressly authorized under the Federal Rules of Criminal Procedure. See United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012). Here, Dennison filed his motion for reconsideration on June 26, 2013, six days after the Court denied his motion to reduce his sentence. Thus, the fourteen-day statute of limitations was tolled and started to run on July 1, 2013, when the District Court denied the motion for reconsideration. However,

---

[2] The notice of appeal was docketed July 29, 2013, but under the prison mailbox rule, the notice of appeal is considered to be filed July 26, 2013, the date that it was postmarked. Houston v. Lack, 487 U.S. 266, 270-71 (1988).

because Dennison did not file his notice of appeal until July 26, 2013, it was untimely.[3] Nonetheless, we will review the merits of this appeal because the fourteen-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government waived the issue by failing to raise it. Id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).[4]

## III.

The District Court did not abuse its discretion in refusing to reduce Dennison's sentence. A defendant's sentence may be reduced under § 3582 if the term of imprisonment was based on a sentencing range that was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); see also United States v. Thompson, 682 F.3d 285, 287 (3d Cir. 2012). Under § 3582(c)(2), a sentence may be reduced only if the amendment "ha[s] the effect of lowering the sentencing range actually used at sentencing." Mateo, 560 F.3d at 155 (internal quotation marks omitted); see also

---

[3] In his notice of appeal, Dennison claims that he did not receive the July 1, 2013 order until July 19, 2013. Because we will review the merits of the appeal, there is no need to address this fact.

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the District Court's legal interpretation of relevant statutes and guidelines, and we review for abuse of discretion the District Court's ultimate ruling on a motion to reduce a sentence pursuant to § 3582(c)(2). See Mateo, 560 F.3d at 154. We review the denial of a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may summarily affirm the District Court's decision if the appeal presents no substantial question. See L.A.R. 27.4; I.O.P. 10.6. Because the motion for reconsideration was timely, we will consider both the denial of the motion for reconsideration and the underlying judgment.

U.S.S.G. § 1B1.10(a)(2)(B). In his motion, Dennison sought a reduction in light of Amendment 750, which "reduced the crack-related offense levels in § 2D1.1 of the Guidelines" and Amendment 759, which made Amendment 750 retroactive. United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012).

Career offenders sentenced under § 4B1.1 are ineligible for § 3582(c)(2) relief in light of Amendment 706, which, like Amendment 750, lowered the base offense levels for certain quantities of crack cocaine under U.S.S.G. § 2D1.1(c). Mateo, 560 F.3d at 154-55. This is because "Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." Id. at 155. Similarly, because Dennison was sentenced as a career offender under § 4B1.1, Amendment 750 does not affect his applicable sentencing range. Cf. United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (holding that Amendment 750 did not lower sentencing range for defendant whose "offense level and guideline range . . . were based on § 4B1.1, not § 2D1.1, because he was a career offender.").[5] Thus, we conclude that Dennison is not eligible for a reduction in his sentence pursuant to Amendment 750, and the District

---

[5] Dennison claims that while the Government determined that he was a career offender, he was not treated as such because the Government did not use the § 4B1.1 Sentencing Table to determine his sentence. The argument is unavailing, as the record is clear that the District Court determined that he was a career offender and relied on § 4B1.1 in calculating his sentence.

Court did not err in denying his § 3582 motion to reduce his sentence.[6]  It follows,

therefore, that the District Court did not err in granting counsel's motion to withdraw.

The District Court also did not abuse its discretion in denying Dennison's motion

for reconsideration because he failed to identify any error in the court's analysis.  See

Lazaridis, 591 F.3d at 669.

IV.

There being no substantial question presented by this appeal, we will summarily

affirm the District Court's orders.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[6] We reject Dennison's reliance on Freeman v. United States, 131 S. Ct. 2685 (2011).  In
that case, a plurality of the Supreme Court held that a district court may grant a §
3582(c)(2) reduction based on subsequently amended Guidelines where the defendant
entered a guilty plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C),
which allows the parties to bind the district court to a pre-agreed sentence if the court
accepts the plea.  Id. at 2690.  Here, by contrast, Dennison's guilty plea did not include a
pre-agreed sentence pursuant to Rule 11(c)(1)(C).  See Lawson, 686 F.3d at 1321 (noting
that Freeman did not "address[] defendants who were assigned a base offense level under
one guideline section, but who were ultimately assigned a total offense level and
guideline range under § 4B1.1.").  Moreover, we have held that "Mateo remains good
law" following Freeman.  Thompson, 682 F.3d at 286.