NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2681

_____

UNITED STATES OF AMERICA

v.

ALBERT CASTRO,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 1-06-cr-00304-001
(Honorable William W. Caldwell)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2013

Before: SCIRICA, JORDAN and ROTH, *Circuit Judges*.

(Filed: May 24, 2013)

_____

OPINION OF THE COURT

_____

SCIRICA, *Circuit Judge*.

Albert Castro appeals from the District Court's final order granting in part his

motion for sentence reduction under 18 U.S.C. § 3582(c)(2) in which the court reduced

Castro's sentence by six months, rather than the twelve months he requested. His

attorney has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.

## I.

In May 2007, Castro pled guilty to three counts of drug- and firearm-related offenses: (1) making false statements in connection with the acquisition of firearms (18 U.S.C. § 922(a)(6)); (2) possession of firearms in furtherance of drug trafficking (18 U.S.C. § 924(c)); and (3) transferring firearms out of state (18 U.S.C. § 922(a)(5)). The District Court initially sentenced Castro to 126 months' imprisonment. In 2008, Castro filed a sentence reduction motion under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the United States Sentencing Guidelines. The District Court granted Castro's motion and reduced his sentence by three months to 123 months' imprisonment.

In November 2011, Castro filed another sentence reduction motion under 18 U.S.C. § 3582(c)(2), based on Amendments 750 and 759 to the Sentencing Guidelines.[1] Castro requested that the court reduce his sentence by twelve months, the maximum reduction available under the retroactive amendments to the Sentencing Guidelines.

In June 2012, the District Court granted Castro's motion in part and reduced his sentence by six months to 117 months' imprisonment. The District Court refused to grant the full twelve-month reduction Castro requested because of his history of

---

[1] Castro's initial pro se motion was supplemented with a counseled motion in April 2012.

disciplinary sanctions while in custody:[2]

> The court originally sentenced the defendant to the low end of the
> guidelines range . . . .  At this re-sentencing, however, the court finds it
> appropriate to impose a mid-range sentence.  The court notes the
> defendant's record of disciplinary sanctions, and concludes that a sentence
> at the low end of the amended guidelines range would not be sufficient to
> comply with the purposes set forth in 18 U.S.C. § 3553(a).

Castro filed a timely notice of appeal.  His court-appointed counsel now seeks to withdraw pursuant to *Anders*.  Castro has not filed a pro se brief in opposition to counsel's *Anders* motion.

## II.

The District Court had jurisdiction under to 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We conduct a two-step inquiry in response to an *Anders* motion.  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  First, we determine whether counsel has fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a).  *Id.*; *see generally* 3d Cir. LAR. 109.2 cmt. ("[Third Circuit Local Appellate Rule 109.2] sets out . . . the procedure by which trial counsel may withdraw from a non-meritorious criminal appeal pursuant to *Anders* . . . ." (citation omitted)).  Second, we conduct an independent review of the record to identify any non-frivolous issues.  *Youla*, 241 F.3d at 300.

Under Third Circuit Local Appellate Rule 109.2(a), counsel may file a motion to

---

[2] Between February 2009 and February 2012, Castro received seven disciplinary sanctions, two of which involved physical altercations with other inmates:  (1) on February 3, 2009, Castro was sanctioned for fighting with another inmate (he was ultimately subject to a disciplinary transfer because of this incident), and (2) on May 18, 2011, Castro was sanctioned for assaulting another inmate.

withdraw if, after reviewing the district court record, "counsel is persuaded that the appeal presents no issue of even arguable merit." Counsel's motion must be accompanied by a supporting brief, "referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. The brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain why the issues are frivolous." *Youla*, 241 F.3d at 300. Counsel need not raise and reject every possible claim; rather, he must "'provide[] sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised.'" *Id.* at 301 (quoting *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000)).

If counsel's brief "initially appears adequate on its face," our review of the record is guided by the issues identified in the *Anders* brief itself—"a complete scouring of the record" is unnecessary. *Id.* (citing *United States v. Wagner*, 103 F.3d 551, 552-53 (7th Cir. 1996)). If we agree that the appeal is without merit based on our review of the record, we "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." 3d Cir. LAR 109.2(a); *see, e.g.*, *United States v. Tannis*, 942 F.2d 196, 198 (3d Cir. 1991) (affirming judgment of conviction and sentence where *Anders* brief and court's independent review of the record identified no non-frivolous issues).

We review a district court's decision to grant an eligible defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v.*

4

*Mateo*, 560 F.3d 152, 154 & n.2 (3d Cir. 2009). Section § 3582(c)(2) permits a district court to exercise its discretion to reduce the sentence of an eligible defendant[3] "after considering the factors set forth in section 3553(a) to the extent that they are applicable."

III.

Counsel's *Anders* brief identifies only one potentially appealable issue: whether the District Court abused its discretion when it reduced Castro's sentence by only six months. Counsel explains that an appeal based on this issue would be frivolous since "the District Court's discretionary decision to limit the sentence reduction to six months was properly based on its consideration of the sentencing factors of 18 U.S.C. § 3553(a), the public safety, and Castro's post-sentence conduct."

IV.

Based on our review of the record, we find that counsel has satisfied the requirements of *Anders* and Third Circuit Local Appellate Rule 109.2(a). Counsel has accurately identified the only potential grounds for appeal and has adequately explained why such an appeal would be frivolous. Furthermore, we hold that the District Court did not abuse its discretion when it reduced Castro's sentence by only six months.

The record clearly shows that the six-month reduction was based on the court's consideration of Castro's disciplinary sanctions in light of the § 3553(a) sentencing factors: "The court notes the defendant's record of disciplinary sanctions, and concludes that a sentence at the low end of the amended guidelines range would not be sufficient to

---

[3] All parties agree that Castro was eligible to seek a sentence reduction under 18 U.S.C. § 3582(c)(2).

comply with the purposes set forth in 18 U.S.C. § 3553(a)." The court's reference to Castro's "record of disciplinary sanctions" no doubt encompasses the two incidents in which Castro assaulted his fellow inmates. These physical altercations speak directly to at least two § 3553(a) factors that would militate in favor of a longer sentence: (1) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," and (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C). Accordingly, the District Court was within its discretion when it reduced Castro's sentence by six months, rather than the twelve months Castro requested.

V.

For the foregoing reasons, we will grant counsel's motion to withdraw pursuant to *Anders* and affirm the District Court's judgment of conviction and sentence.