NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1687
_____

UNITED STATES OF AMERICA

v.

TYLER BRIDGES,
                          Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-16-cr-00092-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on October 5, 2021

Before: SHWARTZ, RESTREPO, and SCIRICA, *Circuit Judges.*

(Filed: November 10, 2021)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

A search of Tyler Bridges' residence uncovered evidence linking him to two armed bank robberies. After failing twice to suppress the evidence, Bridges pleaded guilty to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii). As part of his plea, Bridges preserved his right to appeal the denial of his suppression motions but otherwise waived his right to appeal. The District Court sentenced him to a total prison term of 190 months followed by five years' supervised release. Bridges appealed *pro se*, and his court-appointed counsel moved to withdraw under Third Circuit Local Rule 109.2(a) and *Anders v. California*, 386 U.S. 738 (1967), arguing that any appeal would be frivolous. We will grant counsel's motion to withdraw and affirm the judgment of conviction.

## I.

When the police first identified Bridges as a suspect in two armed bank robberies, police officers went to Bridges' residence to question him about his possible involvement. The police knocked on the door, and Bridges allowed them to come into the residence. Once inside, Bridges told the police that someone else was in the basement, but when the officers called down for the person to come up, there was no response. At that time, the police conducted a protective sweep of the basement and observed a gun in plain sight.

Approximately ten minutes after the police arrived, Bridges' girlfriend, Janet Dickerson, a co-resident, arrived at the residence. The officers asked both Dickerson and

Bridges if they consented to searches of the residence and a car parked in the driveway. Both agreed, and Dickerson signed a consent-to-search form. After searching the home and car, officers uncovered several items linking Bridges to the armed bank robberies.

Among the items uncovered was a second firearm found in a bedroom drawer that was in appearance consistent with the firearm used in the series of bank robberies. A red plastic bag containing $1,655 in cash was located above an HVAC duct in the basement of the residence, and upon examination, some of the bills were identified as being bait money from one of the armed bank robberies. The officers also found a black ski mask and a pair of black knit gloves in the basement ceiling and another pair of black knit gloves in the passenger side of the car. These clothes were in appearance consistent with those used in the series of armed bank robberies.

Bridges moved to suppress the evidence uncovered during the searches, making only the general assertion "that the police searched Mr. Bridges' home before any consent or warrant was obtained." On December 8, 2016, the trial judge addressed the motion with counsel for Bridges and the Government. To support its position that Bridges' consent was voluntary, the Government played a video recording of Bridges' statement to the police immediately following the search in which Bridges repeatedly stated that he had consented to the search. In contrast, when questioned by the trial judge, Bridges could not provide any facts to suggest his consent was not voluntary, nor did he provide any other reason why the protective sweep was improper. At the conclusion of the hearing, the court found the consent voluntary and denied Bridges' motion to suppress. Eight months later, after obtaining new counsel, Bridges once again moved to suppress the evidence uncovered from

3

the search of his residence, alleging for the first time that his and Dickerson's consents were the result of coercive tactics by the police. Once again, the court denied his motion by order dated November 19, 2018, this time under the law of the case doctrine.

On March 25, 2019, Bridges entered into a conditional plea agreement with the Government under which he would plead guilty to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii). As part of the agreement, Bridges preserved his right to appeal the denial of his suppression motions, but he otherwise waived the right to a direct appeal unless the Government appealed the sentence, exceeded the statutory limit, or unreasonably exceeded the Sentencing Guidelines. On the same date, the court conducted a change-of-plea hearing and engaged Bridges in a thorough colloquy to ensure that the decision to plead guilty was both knowing and voluntary.

Although the Presentence Investigation Report calculated Bridges' Sentencing Guideline range as 214 to 225 months' imprisonment, after considering the relevant sentencing factors, and hearing Bridges' allocution, the court varied downward and imposed a sentence of 190 months' imprisonment. The court also overruled Bridges' objections to the inclusion of two prior convictions for harassment in his criminal history points and to the consecutive imposition of the two § 924(c) mandatory 84-months sentences.

Bridges filed a timely notice of appeal. As noted, his court-appointed counsel now seeks to withdraw pursuant to *Anders* and L.A.R. 109.2(a). Bridges has not filed a *pro se* brief in opposition.

II.[1]

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in *Anders* to assure that indigent clients receive adequate and fair representation." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Under the rule, when counsel has reviewed the record and concluded "the appeal presents no issue of even arguable merit," then counsel is to file a motion to withdraw and accompanying brief pursuant to *Anders*. L.A.R. 109.2(a). In considering an *Anders* motion, we follow a familiar two-step framework. *Youla,* 241 F.3d at 300. At the first step, an *Anders* brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and also "explain why the issues are frivolous." *Id.* At the second step, we conduct our own "independent review of the record" to identify any nonfrivolous issues. *Id.*

In appeals involving an *Anders* brief, we apply plenary review to determine whether there are any nonfrivolous issues on appeal. *Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012). But if the *Anders* brief is facially adequate, we need not scour the record for nonfrivolous issues, and our review is "guided . . . by the *Anders* brief itself." *Youla*, 241 F.3d at 301 (quoting *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996)). If after our own review we agree with counsel that the appeal is without merit, we

---

[1] The trial court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

will allow counsel to withdraw and dispose of the appeal. L.A.R. 109.2(a); *see*, *e.g.*, *United States v. Tannis*, 942 F.2d 196, 198 (3d Cir. 1991) (disposing appeal of conviction and sentence where an *Anders* brief and the court's independent review of the record did not identify any nonfrivolous issues).

III.

Bridges' counsel's *Anders* brief demonstrates counsel thoroughly searched the record for appealable issues and explained why the issues are frivolous. Because the *Anders* brief is facially adequate, we limit our review to the portions of the record implicated by the brief. Moreover, in its response brief, the Government invoked Bridges' waiver of the right to appeal his sentence—further narrowing the scope of potential nonfrivolous issues. *See United States v. Goodson*, 544 F.3d 529, 535 (3d Cir. 2008) (noting that the government may invoke the appeal waiver in its merits brief). Our independent review confirms each of the four issues identified is frivolous.

First, any challenge to jurisdiction would be frivolous because the trial court had jurisdiction under 18 U.S.C. § 3231.

Second, Bridges' guilty plea was knowing and voluntary. The trial judge found Bridges competent to plead and engaged him in a thorough colloquy that tracked the requirements of Federal Rule of Criminal Procedure 11. There is no evidence in the record that Bridges failed to understand the plea agreement.

Third, Bridges waived his right to appeal, precluding any challenge to his conviction or sentence. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). The trial judge discussed the appellate waiver with Bridges and confirmed he understood each term.

Nothing in the record suggests Bridges' waiver was not voluntary or knowing, or that enforcing the waiver would work a miscarriage of justice. *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Moreover, none of the three express exceptions in Bridges' appellate waiver apply because the Government did not appeal, and his sentence fell below the statutory limit and sentencing guidelines.

Even if Bridges had not waived his right to appeal, he could not bring a nonfrivolous challenge to his sentence because the sentence was both procedurally and substantively reasonable. *See United States v. Handerhan*, 739 F.3d 114, 119 (3d Cir. 2014). The trial judge calculated the guideline range, ruled on objections, reviewed the relevant sentencing factors, and gave a meaningful and rational explanation of its significant downward variance from the sentencing guidelines. Furthermore, given Bridges' "criminal history and the very serious nature of his offenses and the needs for just punishment, deterrence and rehabilitation," Appx. 367, we cannot say that "no reasonable sentencing court would have imposed" the below-Guidelines sentence of 190 months' imprisonment that he received, *Untied States v. Tomko*, 562 F.3d. 558, 568 (3d Cir. 2009) (en banc). Accordingly, we agree with counsel that any challenge to the sentence would be frivolous.

Fourth, although Bridges reserved the right to appeal the denial of his suppression motions, there is no nonfrivolous basis on which to do so. Bridges' first motion to suppress was properly denied because Bridges offered no explanation for why the searches were improper. Indeed, after the Government played a video recording in which Bridges repeatedly stated he consented to the searches, Bridges acknowledged he could not provide any factual basis to assert his consent was involuntary.

Likewise, Bridges' second motion to suppress was properly denied on law-of-the-case grounds. In general, a court should not revisit its prior decisions unless there is some "extraordinary circumstance" that warrants doing so, such as an intervening change in the law, newly discovered evidence, or the prior decision was clearly erroneous. *See Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116–17 (3d Cir. 1997). Bridges' second motion to suppress pointed to no intervening change of law and gave no reason why the first decision was clearly erroneous. And although the second motion raised new factual allegations, the underlying facts were known to Bridges at the time of the first motion. For these reasons, any challenge to the denial of either motion would be frivolous.

## IV.

Because we find no nonfrivolous arguments raised by counsel's adequate *Anders* brief and Bridges has failed to file any reply raising other issues, we will affirm the judgment of conviction and sentence and grant counsel's motion to withdraw.